[Filed November 2, 1891.]

## STATE OF OREGON EX REL. *v.* JONATHAN BOURNE JR.

SUBPŒNA—COURT OF SISTER STATE.—In this state, the clerk of a court of record is authorized to issue a subpœna requiring the attendance of a witness before a resident commissioner appointed by a court of a sister state to take testimony to be used in that state, and the subpœna when issued is the process of the court whose clerk issued it.

JUDICIAL POWER—COMITY OF STATES—LETTERS ROGATORY.—Under the constitution of this state, all judicial power not otherwise vested resides in the circuit courts; and in the exercise of this power, such courts are bound, under the comity of states, on the receipt of letters rogatory from the

court of a sister state, to lend their process for the purpose of securing the testimony of witnesses domiciled here, to be used in the foreign tribunal.

IDEM—DISOBEDIENCE OF PROCESS—POWER TO PUNISH.—A necessary incident to the exercise of judicial authority is the power of a court to punish all disobedience or resistance to its process.

COMITY OF COURTS—JURISDICTION OF FOREIGN COURTS—LETTERS ROGATORY.— In cases arising under letters rogatory received from a court of a sister state, the assumption of jurisdiction by such court over a cause pending before it will not be questioned by the courts of this state.

Multnomah county: E. D. SHATTUCK, Judge.

Defendant appeals.    Affirmed.

The following is a copy of the *dedimus potestatem* issued out of the superior court of Suffolk, Massachusetts, authorizing the taking of the deposition of Jonathan Bourne Jr.:

"COMMONWEALTH OF MASSACHUSETTS.

[The superior court seal.]

"To any commissioner appointed by the governor of said commonwealth of Massachusetts, or to any justice of the peace, notary public, or other officer legally empowered to take depositions or affidavits in the state of Oregon, GREETING: Assured of your prudence and fidelity, we do by these presents appoint and empower you to take the deposition of Jonathan Bourne Jr., of Portland, in said state of Oregon, to be used in a suit now pending in our superior court between Annie B. Everett, as plaintiff, and John Stetson, as defendant, and on certain days to be by you appointed to cause the deponent to come before you, and him carefully examine on oath or affirmation, in answer to several interrogatories hereto annexed, and reduce the examination, or cause the same to be reduced to writing in your presence; and after such deposition shall have been reduced to writing, it shall be carefully read to or by deponent, and shall then be subscribed by him. You shall permit neither party to attend at the taking of the deposition, either himself or by any attorney or agent, nor to communicate by interrogatories or suggestions with the deponent whilst giving his deposition in answer to the

interrogatories annexed to this commission. And you shall take such deposition in a place separate and apart from all other persons, and permit no person to be present at such examination except the deponent and yourself and such disinterested person (if any) as you may think proper to appoint as clerk to assist you in reducing the deposition to writing. And you shall put the several interrogatories and cross-interrogatories to the deponent in their order, and take the answer of the deponent to each fully and clearly before proceeding to the next, and not read to the deponent nor permit the deponent to read a succeeding interrogatory until the answer to the preceding one has been fully taken down. Of this our writ, with your doings by warrant of the same, you will make return under seal into our said court with all convenient expedition.

"Witness the Honorable Albert Mason, chief justice of our said court, and the seal thereof, at our city of Boston, on the twenty-first day of November, in the year of our Lord one thousand eight hundred and ninety.

"Jos. A. Willard, Clerk."

On the twenty-seventh day of June, 1891, a paper was served on the appellant, of which the following is a copy:

"Superior Court, November, 1890.

"Annie B. Everett, plaintiff, *v.* John Stetson, defendant.
—Suffolk: ss.

"To Jonathan Bourne Jr.: In the name of the state of Oregon. The undersigned notary public, having been duly designated and appointed by the superior court of Suffolk county, Massachusetts, to take your testimony in a case now pending in said court, wherein Annie B. Everett is plaintiff and John Stetson is defendant: Now, therefore, you are hereby commanded to appear before the undersigned commissioner at his office, room No. 11 in the First National Bank building, on the southeast corner of First and Washington streets, in the city of Portland, county of Multnomah, state of Oregon, on the 30th day of June, 1891, at 9 o'clock

in the forenoon of said day, to give evidence in the above-entitled cause on the part of plaintiff.

"Witness my hand and seal this twenty-seventh day of June, 1891.

                                        "A. C. EMMONS,

[Notary seal.]        "Notary public and commissioner."

Thereafter, on the fifth day of August, 1891, the superior court of Suffolk, Massachusetts, issued the following letters rogatory:

"COMMONWEALTH OF MASSACHUSETTS, SUPERIOR COURT, SUFFOLK, SS.

"To the circuit court within and for the county of Multnomah, in the state of Oregon, or any judge or tribunal having jurisdiction of civil cases in the city of Portland, in the county of Multnomah:

"Whereas in our superior court in the case of Annie B. Everett v. John Stetson, the plaintiff filed in said court interrogatories to take the deposition of Jonathan Bourne Jr. of said Portland; and whereas after due notice the defendant filed certain cross-interrogatories, and thereupon a commission to take the deposition of said Bourne was issued by this court, with the several interrogatories and cross-interrogatories thereto annexed, and afterwards A. C. Emmons, Esq., of said Portland, a duly authorized notary public, commissioned and authorized to take the said deposition in pursuance of said commission, issued his subpœna to said Bourne to appear before him and give answer to the said interrogatories, and said Bourne, although duly served and his fees paid him, refused to appear or show any cause why he did not appear at the time and place fixed, and said commissioner doubting his authority to compel the attendance of said Bourne, has returned said commission into our superior court; and it appearing to us that without the testimony of said Bourne, justice cannot completely be done between the parties; we therefore request you that in furtherance of justice you will afford your aid in the

examination of said witness by said commissioner upon said commission upon the interrogatories thereto annexed; that you will by the usual and proper process of your court cause the said Bourne to appear before said commissioner at a time and place by you to be fixed, and him examine on oath or affirmation to the several interrogatories to said commission annexed, and that you will cause his deposition to be committed to writing and returned and duly closed and sealed up and return with these presents; and we shall be ready and willing to do the same for you in a similar case when required.

"Witness: Albert Mason, Esq., justice of our said superior court, at Boston, in said county of Suffolk, this fifth day of August, A. D. 1891.

"Jos. A. Willard, Clerk."

[Seal of the superior court.]

On the seventeenth day of September, 1891, the circuit court of Multnomah county, Oregon, entered upon its journal the following order:

"And now this day, upon presentation to this court of letters rogatory from the superior court of Suffolk county, Massachusetts, setting forth among other things the issuance out of said court of a commission in a cause therein pending between Annie B. Everett as plaintiff and John Stetson as defendant, directed to A. C. Emmons, Esq., of Portland, notary public, as commissioner to take the deposition of Jonathan Bourne Jr., of Portland, in answer to interrogatories and cross-interrogatories attached to said commission, and setting forth that said Bourne refused to appear before said commissioner but made default, and representing that without the testimony of said Bourne justice cannot be completely done between said parties, and requesting us that in furtherance of justice we afford our aid in the examination of said witness by said commissioner, upon said commission, under said interrogatories, and that by the usual proper process of our court we cause said Bourne to appear before said commissioner at a time and place by us to be fixed,

and him examine on oath or affirmation to the several interrogatories to said commission annexed, and that we cause his deposition to be committed to writing and returned and duly closed, and sealed up and returned with said letters, and offering to do the same favor for us in a similar case when required; it is therefore ordered, that in accordance with said request a writ in due form issue out of this court directed to the sheriff of this county, and reciting the above facts and directing said sheriff to summon said Jonathan Bourne Jr. to appear before said A. C. Emmons, Esq., notary public, commissioner, at his office in the city of Portland, First National Bank building, corner First and Washington streets, upon Monday, September 21, A. D. 1891, at 10 o'clock A. M., and upon such further time or times to which the taking of said deposition may be adjourned by said commissioner, then and there to testify before said commissioner in answer to said interrogatories, and that said commissioner apply to this court for any further aid he may need in the premises, and that said deposition be by him committed to writing, and that when taken the same be duly closed and sealed up and returned with said letters rogatory to said court from which the same issued."

Thereafter and on the same day the clerk of said circuit court pursuant to said order issued the following writ:

"In the circuit court of the state of Oregon for the county of Multnomah.    State of Oregon, county of Multnomah, ss: In the name of the state of Oregon:

"Whereas a commission was duly issued out of the superior court for Suffolk county, Massachusetts, addressed to A. C. Emmons, Esq., a notary public for the state of Oregon, to take the deposition of Jonathan Bourne Jr. of Portland in this state, to be used in a suit pending in said superior court between Annie B. Everett as plaintiff and John Stetson, defendant, upon interrogatories and cross-interrogatories to be propounded to said witness; and whereas said Bourne was duly notified and summoned to appear before said notary public, commissioner, and give answer to said

interrogatories and cross-interrogatories to be propounded to said witness; and whereas said superior court of said Suffolk county has requested us by proper and usual process of our court to cause said Jonathan Bourne Jr. to appear before said A. C. Emmons, Esq., commissioner, at a time and place to be by us fixed for examination on oath or affirmation to said interrogatories to said commission annexed, and that we cause his deposition to be committed to writing and returned, and duly closed and sealed up and returned to said court, and that we afford our aid in the examination of said witness by said commissioner upon said commission and offering to do the same for us in a similar case when desired; now, therefore, we command you that you summon the said Jonathan Bourne Jr. to appear before A. C. Emmons, Esq., notary public, commissioner, aforesaid, upon Monday the twenty-first day of September, 1891, at 10 o'clock A. M., and at such further time or times to which the taking of said deposition may be adjourned by said commissioner at his office in the city of Portland, in the First National Bank building, corner First and Washington streets, then and there to testify in said cause in answer to said interrogatories to be propounded to him under said commission; and that you return this writ with your doing herein to this court.

"Witness the seal of said court and the hand of the clerk thereof affixed at Portland, Oregon, the seventeenth day of September, 1891.

[Seal of circuit court.]    "JNO. R. DUFF, Clerk,
          "By V. A. FRYER, Deputy."

This writ was duly served on the appellant in said city of Portland. On the twenty-fourth day of September, 1891, proof by affidavit was duly submitted to said circuit court of the service of said writ and of the non-attendance of said witness at the time and place specified.

Thereafter and on the same day said court made the following order:

"In the circuit court of the state of Oregon for the county of Multnomah.—The State of Oregon, plaintiff, *v.* Jonathan Bourne Jr., defendant.

"And now this day the affidavit of A. C. Emmons, Esq., having been filed in this court, in the matter entitled, 'In the matter of letters rogatory from the superior court of Suffolk county, Massachusetts, in the case of *Annie B. Everett* v. *John Stetson*, pending therein'; and it being shown to the court by said affidavit that the above-named Jonathan Bourne Jr. has disobeyed the process of this court duly served upon him, requiring him to appear and testify before said A. C. Emmons, notary public, as commissioner, under commission from the superior court of Suffolk county, Massachusetts, in said case of *Everett* v. *Stetson* pending therein, by failing to appear before said commissioner at the time and place named in said process, upon motion of Annie B. Everett by W. M. Gregory her attorney, it is therefore ordered that said Jonathan Bourne Jr. be required to be and appear before this court at 1:30 o'clock P. M. of this day, or if service hereof be not so soon made upon him, then forthwith upon service hereof, then and there to show cause why he should not be arrested to answer for contempt of this court, in disobeying the lawful process of this court as above mentioned duly served upon him. It is further ordered that a duly certified copy of this order be forthwith served upon said Jonathan Bourne Jr.

"Dated September 24, 1891.

"E. D. SHATTUCK, Judge."

Bourne appeared in said court pursuant to said order and filed an answer in substance as follows: That in failing to appear and testify before A. C. Emmons, Esq., notary public, commissioner, appointed under the commission issued by the superior court of Suffolk county, state of Massachusetts, to take the deposition of said Bourne as set forth in said order, he, said Bourne, disclaims any intention of disrespect against this court or its officers.

And further answering the order, said Bourne alleges and

XXI OR.—15.

says: "That this court has no jurisdiction of the person of said Bourne under this proceeding, and that this court has no jurisdiction in the above-entitled matter, and that this court has no right or jurisdiction to punish said Bourne, or to adjudge him in contempt for failing, neglecting or refusing to appear before said commissioner as a witness on Monday, the twenty-first day of September, 1891, at ten o'clock A. M. or at any other or further time at the office of said commissioner, at the city of Portland, corner of First and Washington streets, or at any other place, or to testify in said cause of *Everett* v. *Stetson*, or to answer to interrogatories to be propounded to him under said commission in said cause of *Everett* v. *Stetson*."

This answer was demurred to, which demurrer was sustained by the court, and thereupon said court entered the following judgment:

"That the defendant Jonathan Bourne Jr. be and he is hereby committed to the jail of Multnomah county, state of Oregon, for contempt of this court, in disobeying the lawful process of this court, requiring him to appear before said A. C. Emmons, Esq., notary public, commissioner, as herein recited, and that he be there kept in close confinement until he be ready to and do appear before said commissioner to testify as required by said process of this court."

The appeal is from this judgment.

*Fred V. Holman*, for Appellant.

*W. M. Gregory*, for Respondent.

STRAHAN, C. J.—It sufficiently appears from the foregoing statement that the superior court of Suffolk county, Massachusetts, where the action of *Annie B. Everett* v. *John Stetson* is pending trial, endeavored through the usual instrumentality of a commission on a *dedimus potestatem* to obtain the evidence of the witness, and failed. Thereafter, letters rogatory were issued under which the circuit court of Multnomah county has taken these proceedings which have resulted in this appeal.

The real question here is one of jurisdiction. At the outset it is conceded that there is no statute in this state expressly and in so many words conferring jurisdiction on the circuit courts of this state in such cases. The only statute having any bearing on the subject is section 790, Hill's Code, which provides: "The subpœna is issued as follows:  *  *  *  2.  To require attendance before a commissioner appointed to take testimony by a court of the United States, or a territory thereof, a sister state, or any foreign country, by any clerk of a court of record in places within the jurisdiction of such court." By this section a clerk of a court of record is authorized to issue a subpœna requiring the attendance of a witness before a commissioner appointed to take testimony by a court of a sister state, and the subpœna, when issued, is the process of the court whose clerk issued it, and not of the clerk. But counsel take the objection here for the first time, so far as the record discloses, that the paper issued by the clerk of the circuit court of Multnomah county, and served upon Bourne, is not a subpœna, and therefore he was not bound to obey it; and he further insists that as no statute expressly confers jurisdiction on the circuit court in such cases, it is without authority.

These objections may be considered together. This question is one involving the comity of states, grows out of necessity, and is recognized by the law of nations. In discussing it, therefore, no narrow or merely technical view of the law is permissible. The constitution of the state (art. VII, § 9,) vests in the circuit courts all the judicial power of the state not vested by the constitution or laws consistent therewith exclusively in some other court. If the authority to require the attendance of a wittness before a commissioner appointed by a court of a sister state is a judicial power, and not being vested exclusively in some other court, then the same belongs to the circuit courts; and even if the constitution were silent upon the subject, we think the result would be the same. In speaking of this method of obtaining evidence, 1 Greenleaf's Ev. § 320,

says: * * * "This method of obtaining tesitmony from witnesses in a foreign country has always been familiar in the courts of admiralty; but it is also deemed to be within the inherent power of all courts of justice. For, by the law of nations, courts of justice of different countries are bound mutually to aid and assist each other for the furtherance of justice; and hence, when the testimony of a foreign witness is necessary, the court before which the action is pending may send to the court within whose jurisdiction the witness resides, a writ either patent or close, usually termed a letter rogatory, or a commission *sub mutuæ vicissitudinis obtentu ac in juris subsidium* from those words contained in it." The same principle is stated in Weeks on Depositions, § 128, and many authorities cited. And the practice under such letters is stated and discussed in Wharton's Conflict of Laws, § 722 *et seq.* (3 Wharton's International Law Digest, § 41, *et seq.*; *Nelson* v. *U. S.* 1 Pet. C. C. 235; *Kuehling* v. *Leberman*, 9 Phila. 160; *In re Jenckes*, 6 R. I. 18.) These authorities sufficiently show that the matter under consideration is one of judicial cognizance. It appertains to the administration of justice in its best sense, and its exercise is now common and unquestioned among civilized nations. It is true the duty may not be imposed by positive local law, but it rests on national comity, creating a duty that no state could refuse to fulfil without forfeiting its standing among the civilized states of the world.

Aside, then, from the statute quoted above, we think the circuit court of Multnomah county had jurisdiction over this case; but the statute no doubt was designed to cover such cases. The clerk of the court in issuing the writ of subpœna or other writ only exercises his appointed functions under the law, but the writ when issued is the writ of the court authenticated by its seal and over which it has jurisdiction. All writs so issued protect the officer executing them, and the court has power to prevent all abuses growing out of their use. As a necessary incident to this, it may punish all disobedience or resistance to its process and orders.

This power inheres in the court whether conferred by express statute or not.

Again, it was argued that the writ which the clerk issued and which was served on the appellant requiring him to appear and submit to an examination was not a subpœna. Two answers may be made to this objection: The first is, that no such objection was taken in the court below. The appellant did not there object that the writ was illegal, or one that he was not bound to obey, because the writ was defective; but his objection went to the jurisdiction of the court. The one now made goes to the means or manner of its exercise. But whether taken here or in the court below, the objection could not be sustained. For all the purposes of this proceeding, the writ which was served upon the appellant was a subpœna. It is true it is not in the form in common use in the courts of this state, but it required the attendance of a witness (Hill's Code, § 789), and that is sufficient.

It was finally objected by the appellant that the court in Massachusetts had no authority to issue the letters rogatory. The ground of this objection is not clear to us; but we are unable to find any satisfactory foundation upon which it could be placed. We cannot review the action of that court or call in question its jurisdiction over the case pending before it. Any excess of authority or irregularity in its exercise must be made in that court, and not here. It is sufficient for us to know that it has by letters rogatory asked the aid of one of the courts of this state in obtaining the testimony of a witness domiciled here in a case pending before it and over which it had assumed jurisdiction.

We find no error in the judgment appealed from, and the same is therefore affirmed.