Silvio Martinelli, administrator, petitioner.
Silvio Martinelli, as administrator of another estate, petitioner.

Hampden.     September 21, 1914. — October 23, 1914.

Present: Rugg, C. J., Loring, Sheldon, De Courcy, & Crosby, JJ.

*Letters Rogatory.   Superior Court.   Workmen's Compensation Act.   Practice, Civil,* Appeal.

The power to issue letters rogatory for the purpose of procuring the evidence of witnesses in foreign countries, although not often resorted to in this Commonwealth by reason of the ample statutory provisions for the taking of depositions, is one inherent in our courts that may be used to prevent a failure of justice; but such a commission only can be issued in aid of a case actually pending in the court that issues the letters.

The Superior Court has no power to issue letters rogatory for the purpose of taking depositions in a foreign country to be used as evidence in support of a claim under the workmen's compensation act that is pending before the Industrial Accident Board.

Where exceptions to an order of a judge have been taken and allowed, no appeal lies from the order while the exceptions are pending.

Two petitions, filed in the Superior Court on May 25, 1914, one by Silvio Martinelli as the administrator of the estate of Umberto Alivernini, and the other by the same petitioner as the administrator of the estate of Settimio Angelini, each alleging that a claim for the death of the petitioner's intestate in the course of his employment on August 8, 1913, was pending before the Industrial Accident Board, and praying that letters rogatory might be issued by the Superior Court addressed to any court in the Kingdom of Italy having jurisdiction for the taking of depositions and that the depositions might be taken of his honor the mayor of Mentana in the Province of Rome in that Kingdom and

of certain other persons named of Castelchiodato in the Province of Rome, whose testimony was alleged to be material and necessary for proving the claims of the petitioners.

The petitions were heard by *Aiken*, C. J., who in each case made an order granting the petition and ordering that letters rogatory should issue; and the Contractors Mutual Liability Insurance Company, which appeared as the insurer in the proceedings under the workmen's compensation act pending before the Industrial Accident Board, alleged exceptions. The insurer also filed an appeal from the order.

The cases were submitted on briefs.

*H. W. Ely & J. B. Ely*, for the insurer.

*S. Martinelli*, administrator, *pro se.*

RUGG, C. J. The petitioner, as administrator of the estates of two different persons, brings these applications in the Superior Court, praying it to issue letters rogatory for taking the testimony of witnesses in the Kingdom of Italy, to be used in the hearings on proceedings brought and pending before the Industrial Accident Board for the recovery of the payments provided by the workmen's compensation act, St. 1911, c. 751, for the death of these two decedents.

Letters rogatory as a means of procuring the evidence of witnesses in foreign States are not much in use in this Commonwealth. The statutes make ample provision to this end by means of depositions. The power to issue a commission rogatory in order to prevent a failure of justice is inherent in a court. But it always has been recognized that such power can be put forth only in aid of a cause actually pending in the court which issues the letters. That this must be so is apparent when the nature of the proceeding is considered. It is in form a request to a court of a foreign jurisdiction asking as a matter of comity that that court will take the testimony of a witness or witnesses within its jurisdiction and transmit the same to the court making the request, for its aid in the doing of justice as to a cause before it. The matter is not dependent upon statute, but rests upon the international good will toward each other by which courts of civilized countries are actuated. *Anonymous*, 59 N. Y. 313, 314. *State v. Bourne*, 21 Ore. 218. *Nelson v. United States*, Pet. C. C. 235. 1 Greenl. Ev. § 320.

It is not averred in the application nor contended in argument that the proceedings before the Industrial Accident Board are pending in the Superior Court. Manifestly they are not so pending. The machinery of the workmen's compensation act does not contemplate the ascertainment of facts in that court.

It is not within the power of a court, even of general jurisdiction, to issue letters rogatory to obtain testimony to be used before a tribunal over whose procedure and trials it is given no authority until the case itself may be brought before it for review. Therefore, it is not within the authority of the Superior Court to procure evidence for use before a tribunal over whose proceedings it has no more intimate supervisory power than it has over the Industrial Accident Board.

It is urged that power is conferred by that part of St. 1912, c. 571, § 8, which provides that, "The board or any member thereof shall have the power to subpoena witnesses, administer oaths, and to examine such parts of the books and records of the parties to a proceeding as relate to questions in dispute. . . . The Superior Court shall have power to enforce by proper proceedings the provisions of this section relating to the attendance and testimony of witnesses and the examination of books and records." These words confer no power to issue letters rogatory or to issue commissions to take depositions. It plainly goes no further than to authorize the court to compel the attendance of witnesses within its jurisdiction and to deal with those who refuse to appear and testify. It would have been a simple matter for the Legislature to have conferred upon the Superior Court the additional power here invoked. It seemed quite probable that it was overlooked. At all events it is unprovided for. Although the workmen's compensation act is to be liberally construed, the court cannot go outside its language for the purpose of assuming a power not granted either expressly or impliedly.

The proper practice was followed of saving exceptions to the granting of the petition. After exceptions were saved and allowed and were pending, there could be no appeal.

*Exceptions sustained.*
*Appeal dismissed.*