(No. 11543.—Judgment affirmed.)

HENRY M. MARSHALL, Appellant, *vs.* E. H. IRWIN *et al.* Appellees.

*Opinion filed October 23, 1917.*

EVIDENCE—*section 36 of Evidence act construed as to power of a foreign commissioner.* Section 36 of the Evidence act does not authorize a commissioner appointed by a court in a foreign State for the purpose of taking depositions in Illinois to apply for an order of an Illinois court to compel a witness subpœnaed by such officer to appear before him and give his testimony, and in so far as such section purports to authorize a circuit court to punish a witness for contempt who willfully refuses or neglects to appear before such officer it has been held unconstitutional. (*Puterbaugh* v. *Smith,* 131 Ill. 199, and *McIntyre* v. *People,* 227 id. 26, approved.)

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

EUGENE P. KEALY, for appellant.

CAVENDER & KAISER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a proceeding supposedly brought under section 36 of our statute on evidence. The circuit court of Monroe county, Alabama, in which a certain cause was pending, issued a commission to appellant, Henry M. Marshall, of the city of Chicago, to take the depositions of appellees, E. H. Irwin and Robert C. Bennett, also residents of the city of Chicago, upon interrogatories annexed to the commission, to be read upon the trial of said cause in the circuit court of Monroe county, Alabama. Appellant issued subpœnas *duces tecum* for appellees. The subpœnas were duly served upon them and their fees as witnesses paid. They refused to obey the subpœnas and appear and give their testimony. Appellant thereupon filed a petition in the circuit court of Cook county setting up the facts and the refusal of the witnesses to appear and testify. The petition prayed the circuit court of Cook county to enter an order upon appellees to appear before that court and show cause why that court should not enter an order commanding appellees to appear before appellant in obedience to the subpœnas. Appellant gave notice to appellees of the filing of the petition and that he would appear before the circuit court of Cook county on a certain day to ask that a rule be entered upon appellees to appear before appellant to give their depositions. Appellees demurred to the petition. The demurrer was sustained and the petition dismissed, and the appellant has prosecuted this appeal to this court on the ground that the validity of a statute is involved.

We do not understand section 36 purports to authorize a commissioner appointed by a court of a foreign State to take depositions in this State, to procure an order of a court of this State requiring a witness subpœnaed by the officer to appear before him and give his deposition. In so far as said section purports to authorize a circuit court to punish a witness for contempt who willfully refuses or

neglects to appear before such officer in answer to a subpœna issued by him and give his deposition it is unconstitutional. (*Puterbaugh* v. *Smith,* 131 Ill. 199; *McIntyre* v. *People,* 227 id. 26.) The procedure resorted to here, however, was not for an attachment for contempt in the first instance, but it was sought to procure an order from the circuit court directing appellees to attend before appellant and give their depositions, and it is claimed that if they failed to obey such order they would then be subject to punishment for contempt of court. There is no doubt of the power of courts of this State, independently of any statute, to prevent the embarrassment or obstruction of the courts in the administration of justice, to punish for contempt in cases pending in said courts. (*Schmidt* v. *Cooper,* 274 Ill. 243.) In this case there was no cause pending in any of the courts of this State and no contempt of the circuit court was committed by appellees but their action was a contempt of the commissioner who issued the subpœnas. This seems to be recognized by the appellant, as he did not seek to have them punished for that contempt but indirectly sought to accomplish the same object by procuring an order of the circuit court of Cook county commanding appellees to appear before the commissioner and give their depositions, and then, if they failed to appear, ask that they be punished for contempt of the court issuing the order. It is an attempt to do indirectly what *Puterbaugh* v. *Smith, supra,* and *McIntyre* v. *People, supra,* held could not be done directly.

Some reliance is placed by the appellant upon *People* v. *Kipley,* 171 Ill. 44, and *Inter-State Commerce Com.* v. *Brimson,* 154 U. S. 447. Those cases were referred to and distinguished in *McIntyre* v. *People, supra.*

This proceeding was unauthorized by the statute, and the court properly sustained the demurrer to the petition.

The judgment is affirmed.                *Judgment affirmed.*