## Ex Parte Thomas Taylor.

### No. 3363.  Decided March 24, 1920.

(220 S. W., 74.)

**1.—Contempt—Witness—Deposition.**

The District Court, where it has jurisdiction to require a witness to appear before a notary and to give his deposition, has power to enforce obedience of proceedings for contempt on his refusal.  (P. 333).

**2.—Same—Courts of Sister States—Jurisdiction—Comity.**

Courts of one State have jurisdiction, by comity and independent of Statute, to lend the aid of their process to a court of another State to enable it to secure the testimony, by deposition, of a witness within their jurisdiction.  There must be judicial power somewhere to prevent the defeat of justice by the recalcitrant conduct of a material witness.  (Pp. 333, 334).

**3.—Same—Invoking Jurisdiction.**

The method of invoking the action of a court to compel a witness within its jurisdiction, in a cause pending in another State, to give his deposition, is one derived from the Civil Law, and consists in the issuance of a request, or letter rogatory, from the latter court to the former, showing the facts, the necessity of the testimony, and the refusal of the witness to give it. Compliance with the request is not compulsory, but is within the power of a District Court of Texas, and if it accedes to the request it has power to enforce it by proceedings for contempt against a witness who still refuses to testify.  (P. 334).

**4.—Same—Protection of Rights of Witness.**

The court exercising its power by comity to compel a witness within its jurisdiction to appear and testify before a notary on commission to take his deposition issued by the court of another State in a case there pending, has power, in so doing, to see that the witness is protected in his legal rights as to privilege; but questions as to relevancy and materiality of his testimony are, in general, for the court trying the case.  (P. 334).

Original application to the Supreme Court for writ of *habeas corpus.*

Taylor was committed to custody by the District Court of Dallas County, for contempt in refusing to appear before a notary and give testimony by desposition on a commission issued by a Circuit Court of Illinois in a case pending before it.

*Pope & Young,* for relator.—The Revised Civil Statutes of Texas provide specifically the manner and procedure as to how depositions may be obtained in Texas. Beginning with article 4639, of chap. 2, of the Revised Civil Statutes of Texas, down to and including article 3687, with amendments thereto; and under article 3663, with subsequent articles thereto, the Legislature of

Texas has provided by statute the manner and procedure to obtain oral depositions. Since the Legislature of Texas has seen proper to regulate the taking of depositions in this State by statute, common law rules have been abrogated. There is no statute in Texas that will warrant such a proceeding to obtain the oral depositions of Thomas Taylor as has been invoked by the Circuit Court of Illinois, for and on behalf of the Tribune Company. A court of the State of Illinois cannot under the law legally appoint a commissioner in Texas to take oral depositions of a witness residing in Texas, and then invoke ancillary proceedings in a District Court in this State to enforce the orders of such commissioner. Marshall v. Irwin, 117 N. E., 483; McEntyre v. People, 81 N. E., 33. Letter rogatory under an *ex parte* proceeding for the purpose of obtaining oral depositions is not available under the Revised Civil Statutes of Texas. Farmers' & Merchants' National Bank of Abilene v. Ivey, 182 S. W., 706.

*Crane & Crane,* for respondent.—The courts of Texas have the authority to assist an officer appointed by the court of another state to take testimony within its jurisdiction to secure answers to competent questions. 4 Encyc. of Evidence, 350-360; 8 Ruling Case Law, 1145; Keller v. Goodrich Co., 117 Ind., 556; Gibson v. Tilton, 1 Bland (Md.) 352, 17 Am. Dec., 306; San Francisco Gas Co. v. Superior Court, 155 Cal., 30; 13 Am. & Eng. Enc. Law, title, Depositions; State v. Bourne, 21 Ore., 218; McKenzie's Case, 2 Pars. Eq. Cases, 227; Marg v. George, 1 Hawaii, 417; Post v. Lady Jane, 1 Hawaii, 286; In re Martinelli, 219 Mass., 58; Deaconville Auto Co. v. Metropolitan Bank, N. Y., 124 Ap. Div., 478; Union Square Bank v. Buchanan, 9 Ap. Div., N. Y., 478; Matter of Smith, 139 N. Y. Supp., 139; Gross v. Paul, 105 Fed., 70; Devillenon v. Morning Journal, 206 Fed., 70; Federal Cases, No. 10116; Anonymous, 59 N. Y., 313; 18 Corpus Juris, sec. 823, notes 14, 15; Greenleaf on Evidence, vol. 1, sec. 320, et seq.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The Circut Court of Cook County, Illinois, in a suit there pending of Nancy J. Wicks v. The Tribune Company, issued, on November 20, 1919, a commission to Jack A. Schley, a notary public of Dallas County, Texas, for the taking of the oral deposition of the relator, Thomas Taylor. The notary caused Taylor to be served with a subpoena for the purpose of obtaining his appearance, but Taylor refused to appear before him. Thereafter, on January 17, 1920, the Circuit Court of Cook County, Illinois in the form of a letter rogatory, made request of the District Court of Dallas County, that by appropriate process it cause the witness Taylor to appear

before the notary, or some one authorized by it, and give his oral deposition for use in the cause pending in the former court. The letter rogatory recited that Taylor's testimony was material in the cause and justice could not be completely done between the parties without it, as given by oral deposition; the issuance of the previous commission at the instance of the defendant after due notice to the plaintiff; Taylor's refusal to appear before the notary; and, in substance, that the formalities of the Illinois laws had been complied with in respect to the giving of notice for the taking of the deposition.

The District Court of Dallas County, Hon. E. B. Muse, presiding, on January 19, 1920, honored the request so made of it, and issued its writ commanding the witness to appear before the notary, Schley on January 30, and give his deposition on oral interrogatories as might be propounded by the attorneys for the respective parties in the Illinois suit.

Taylor refused to obey this writ. Thereupon, The Tribune Company, defendant in the Illinois suit, filed an ancillary proceeding in the Dallas County District Court against Taylor to have him adjudged in contempt. He was cited to appear, and on examination announced to the court that he would refuse to give his oral deposition in obedience to its order. The court adjudged him in contempt and remanded him to the custody of the sheriff to be confined until such time as he would consent to obey its order.

The question presented is one of jurisdiction—whether it was within the power of the District Court of Dallas County, under the proceedings recited, to order the relator to appear before the notary and give his oral deposition. If the court had the authority to make the order, it was within its authority to enforce it, and to hold the relator in contempt for its disobedience.

The power of a proper court to honor the request of a court in an independent jurisdiction expressed by letters rogatory, for the use of its process in aid of obtaining the deposition of a witness whose testimony is material in a cause pending in the latter, while perhaps not frequently called into exercise, is inherent, and does not depend upon statutes. It exists to prevent a failure of justice. It is related to the administration of justice in its best sense. Men, generally, owe the duty of giving their testimony to courts of justice in all inquiries where it may be material. Courts of justice of different countries or States, therefore, are, in aid of justice, under a mutual obligation to assist each other in obtaining testimony upon which the right of a cause may depend. There must be the judicial power somewhere to prevent what may amount to the defeat of justice through the recalcitrant conduct of a material witness.

This obligation of courts of independent jurisdictions grows out of necessity—the necessity that the administration of justice be

untrammeled and unobstructed. It rests upon the comity of States, and may be said to proceed from the law of nations. The issuance of letters rogatory for the purpose is derived from the civil law. The power is one which has always obtained in courts of chancery.

The court to which the letter rogatory, or request, is addressed, is under no compulsion to respect it. It is within its discretion to refuse to honor it. It is a matter, as has been said, resting upon comity. But if it be a court of appropriate jurisdiction, there is no question as to its power to honor it and by its process execute it.

In the execution of the request, it is the duty of the court to see that the witness is protected in all of his legal rights. In general, the relevancy and materiality of the testimony adduced is for the determination of the court having jurisdiction of the cause; but the court executing the request will see, for instance, that the witness is not compelled to give evidence which is privileged.

Under the general jurisdiction possessed under the Constitution by the District Courts, it was within the power of the District Court of Dallas County to honor the request of the Illinois court and to order the witness to appear before the notary and give his oral deposition, a method for taking the testimony of witnesses having the express sanction of the laws of this State.

The following authorities may be consulted upon the general question, and sustain the ruling here made: Greenleaf on Evidence, Sec. 320; 4 Jones on Evidence, Sec. 400; Weeks on Depositions, Sec. 128; State v. Bourne, 21 Or., 218, 27 Pac., 1048; Keller v. Goodrich Company, 117 Ind., 556, 10 Am. St. Rep., 88, 19 N. E., 196; In re Whitlock, 51 Hun. (N. Y.), 351; 59 N. Y. 313; In re Martinelli, 219 Mass., 58, 106 N. E., 557; Dowagiac Mfg. Co. v. Lochren, 143 Fed., 211, 74 C. C. A., 341, 6 Ann. Cases, 573.

The case of Marshall v. Irwin, 280 Ill., 90, 117 N. E., 483, cited by the relator—the further citation from 18 Corpus Juris., 682, being founded upon its holding—is not an opposing authority. There, the commissioner attempting to obtain the deposition of a witness in Illinois upon a commission issued by the court of another State, filed a proceeding in the Illinois court to have the witness adjudged in contempt for refusing to testify, and he was so adjudged by the court. It was held that the commissioner had no authority under the Illinois statutes to procure such an order. The case did not, in any way, involve the power of a court to respect the request of another court to aid it in obtaining the deposition of a witness within its jurisdiction. The court's assistance, there, had not been invoked by the court of the other State, and it was not attempting to enforce any order made in virtue of such application to it.

The relator is remanded to the custody of the Sheriff of Dallas County.