CARVALHO *v.* CASS PUTNAM HOTEL CO.

**1.** MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—POWERS OF ADMINISTRATIVE COMMISSION LIMITED TO THOSE CONFERRED. Since the workmen's compensation act creates various statutory liabilities and rights in derogation of the common law, the powers of its administrative commission, or board,

---

[1]Workmen's Compensation Acts, C. J. § 109.

may not go beyond those expressly conferred or necessarily implied by the act creating it.

2. DEPOSITIONS—LETTERS ROGATORY—DEFINITION.

By "letters rogatory" is meant a formal communication from a court in which an action is pending to a foreign court requesting that the testimony of a witness residing in such foreign jurisdiction may be taken under the direction of the court addressed and transmitted to the court making the request.

3. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LETTERS ROGATORY.

Neither section 5376 [2], Comp. Laws Supp. 1922, authorizing the department of labor and industry to promulgate rules for the governing of its own organization and procedure in administering the workmen's compensation act, nor section 5472, authorizing the taking of depositions by deputy commissioners, confers upon the department any power to authorize the issuance of letters rogatory.

4. SAME—DEPARTMENT ADMINISTERING ACT NOT A COURT — MAY NOT ISSUE LETTERS ROGATORY.

The department of labor and industry, in administering the workmen's compensation act, is not a court, its powers being only of a *quasi* judicial nature, and therefore, in the absence of statutory authority, it has no power to authorize the issuance of letters rogatory.

5. SAME—AWARD BASED ON TESTIMONY TAKEN UNDER LETTERS ROGATORY SET ASIDE.

On certiorari to review an award of the department of labor and industry under the workmen's compensation act, which was based upon testimony taken under letters rogatory, the issuances of which the department had no authority to authorize, is set aside and the case remanded.

Certiorari to Department of Labor and Industry. Submitted June 22, 1927.    (Docket No. 66.)    Decided July 29, 1927.

August Carvalho and others presented their claim for compensation against the Cass Putnam Hotel Company for the accidental death of their decedent in de-

²Depositions, 18 C. J. § 137; 9 A. L. R. 966; ³Workmen's Compensation Acts, C. J. § 111 (Anno); ⁴Id., C. J. §§ 109, 111 (Anno); ⁶Id., C. J. § 127 (Anno).

fendant's employ.    From an order awarding compensation, defendant and the Ocean Accident & Guarantee Corporation, Limited, insurer, bring certiorari.    Reversed and remanded.

*Bishop & Weaver,* for appellants.

*Harry S. Scheinman (Aaron Fellman,* of counsel), for appellees.

STEERE, J.    On September 5, 1925, one Joseph Carvalho (or Cabalo) suffered a fatal accidental injury while employed by defendant Cass Putnam Hotel Company, which was duly reported by his employer to the commission of the department of labor and industry as the workmen's compensation act provides. Thereafter proceedings were duly instituted by counsel before the commission in behalf of plaintiffs, as deceased's parents and sister, for an award of dependency compensation.

On April 8, 1926, their counsel filed a verified petition with the commission for letters rogatory to take the testimony of Augusto de Carvalho and Maria Sofia Carvalho, of Reguengo Grande, Fontellas, Portugal, stating the necessity therefor, and requesting that letters rogatory be sent to the American consul at Lisbon, Portugal.    He was apparently not impressed, and the letters rogatory were returned unanswered, followed by a new application, as to which the following was promulgated after introductory recitals:

"It is ordered and adjudged that the American consul general of Lisbon, Portugal, is hereby authorized and requested to take the responses of the witnesses to the interrogatories."

This was complied with, and the letters rogatory returned with responses of the witnesses taken, followed by a hearing, appeal, and award.    Details before the commission are passed by except as they bear

upon the question of whether the commission is vested with authority to issue letters rogatory and base an award on testimony taken pursuant to them, which is made the only issue submitted by the record before us for adjudication.

Counsel for the respective parties have by stipulation "conceded that the record, with the inclusion of the testimony taken under letters rogatory, if admissible, would support said award, but that, if said testimony taken under letters rogatory was inadmissible, and should have been excluded, the record was insufficient to support said award and that the award should be reversed." The question was timely raised and saved by written objections to plaintiffs' petition for letters rogatory, by objection and exceptions to admission of same when offered in evidence, and by assignments of error in the petition for certiorari, consistently insisting throughout the proceedings that the workmen's compensation act neither provides for nor authorizes the same.

Return of the commission to this writ of certiorari asserts its authority to issue letters rogatory, stating in conclusion the following reasons:

"It has been the practice of the commission ever since the passage of the act to take testimony of witnesses by deposition or letters rogatory. The commission has promulgated a rule relative to the practice of issuing letters rogatory, Rule No. 19, and the act creating the commission authorizes the commission to make rules and regulations relative to the practice in matters before it not inconsistent with the law. There is nothing in the law forbidding the promulgation of such a rule. The taking of testimony of witnesses absent from the State is absolutely necessary for a proper and practical administration of the law."

We cannot conclude that failure of the act to forbid or the practice adopted by the commission are to be taken as the test of its powers. The workmen's com-

pensation act creates various statutory liabilities and rights in derogation of the common law. The powers of its administrative commission, or board, cannot go beyond those expressly conferred or necessarily implied by the act creating it.

The authority under which the commission claims to have promulgated its rule 19, authorizing *letters rogatory,* is a provision in the compensation act that:

"The commission may adopt rules and regulations not inconsistent with law for the governing of its own organization and procedure." \* \* \* Act No. 43, Pub. Acts 1921, § 2 (Comp. Laws Supp. 1922, § 5376 [2]).

A manifest inconsistency arises from the fact that the commission is not a court.

"By 'letters rogatory' is meant a formal communication from a court in which an action is pending to a foreign court requesting that the testimony of a witness residing in such foreign jurisdiction may be taken under the direction of the court addressed and transmitted to the court making the request." 18 C. J. p. 653.

*Vide,* also, Black's Law Dictionary; Century Dictionary and Cyclopedia.

In sustaining the constitutionality of the workmen's compensation act, which was strenuously contested on numerous grounds, including the claim that its administrative board (now commission) was given the power of a court, this court took occasion to point out that:

"The act being elective, it is operative only as to those who choose to come within its provisions, and in that particular it is a board of arbitration by agreement, but, aside from that consideration, it is but an administrative body, vested, it is true, with various and important duties and powers, some of them *quasi*-judicial in their nature, but without that final authority to decide and render enforceable judgment, which constitutes the judicial power. Its determinations

and awards are not enforceable by execution or other process until a binding judgment is entered thereon in a regularly constituted court." *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8, 18.

Letters rogatory were unknown to the common law and came to our system of jurisprudence from the civil law through admiralty courts.   It was at first seriously questioned whether courts of general jurisdiction had inherent authority to issue and honor them without enabling legislation, but that power is now generally conceded.   An illuminating review of the subject is to be found in the annotations to *Ex parte Taylor*, as reported in 9 A. L. R. 963 (110 Tex. 331, 220 S. W. 74).

So far as we have been able to discover, the concept of letters rogatory emanating from any of our many State administrative boards, bodies, or commissions is first voiced in the commission's rule 19, by authority of which these letters purport to have been issued. The only approximation to the subject we have found is the case of *Martinelli*, 219 Mass. 58 (106 N. E. 557).   In that case petitioner had a claim before the industrial accident board under the workmen's compensation law of Massachusetts, which ours closely resembles, and desired to secure some testimony from Italy.   It apparently was conceded the industrial accident board administering the workmen's compensation law of that State had no authority to issue letters rogatory.   The superior court was petitioned to issue them, which it did under a provision of their compensation law authorizing the industrial accident board or any member thereof to subpœna witnesses, administer oaths, examine records, etc., giving the superior court "power to enforce by proper proceedings the provisions of that section" relating to the attendance of witnesses and the examination of books and records.   Although recognizing the inherent power

239—Mich.—33.

of the superior court to issue letters rogatory in aid of a case actually pending in that court, the supreme court in reversing the order appealed from said in part:

"Letters rogatory as a means of procuring the evidence of witnesses in foreign States are not much in use in this Commonwealth.    The statutes make ample provision to this end by means of depositions.    *    *    *

"It is not within the authority of the superior court to procure evidence for use before a tribunal over whose proceedings it has no more intimate supervisory power than it has over the industrial accident board.    *    *    *

"These words confer no power to issue letters rogatory or to issue commissions to take depositions.    It plainly goes no further than to authorize the court to compel the attendance of witnesses within its jurisdiction and to deal with those who refuse to appear and testify.    It would have been a simple matter for the legislature to have conferred upon the superior court the additional power here invoked.    It seemed quite probable that it was overlooked.    At all events it is unprovided for."

The Massachusetts act contains a like provision as that in ours authorizing its industrial accident board to make rules not inconsistent with the act for carrying out its provisions.    In 1915 the Massachusetts act was amended supplying the oversight pointed out in the *Martinelli Case.*    In *Derinza's Case,* 229 Mass. 435 (118 N. E. 942), the court said of the situation prior to the amendment:

"Before the enactment of St. 1915, c. 275, there was no special provision for the taking of depositions in foreign countries in workmen's compensation cases. Letters rogatory could not issue in such cases."

The amendment when made inferentially recognized the rule that letters rogatory must emanate from courts and did not confer that power on the industrial accident board but authorized the superior court of any county upon written request of the industrial accident

board to issue proposed commissions or letters rogatory to obtain the testimony of nonresident witnesses.

It is contended for plaintiffs that, assuming the commission is not vested with power to issue letters rogatory, the testimony taken is in substantial compliance with the general statute for securing depositions, or taking testimony *de bene esse.* Looking to the statute which created this commission for its authority to take depositions we only find the subject touched in section 20, part 3, of the act, and its amendments, providing for deputy commissioners who are given authority, amongst other things, to "take depositions." The testimony involved here purports and is claimed by the commission to be taken under authority of its rule 19, entitled "Letters Rogatory," which provides in mandatory terms that those desiring to take testimony in a foreign country "shall apply to the board for issuance of letters rogatory."

There is a fundamental distinction between letters rogatory and customary commissions to take testimony. In *Kuehling* v. *Leberman*, 9 Phila. (Pa.) 160, the court said in discussing that question:

"It is to be observed that there is a very broad distinction between the execution of a commission and the procuring of testimony by the instrumentality of letters rogatory or letters requisatory, as they are sometimes called. In the former case the rules of procedure are established by the court issuing the commission, and are entirely under its control. In the latter, the methods of procedure must, from the nature of the case, be altogether under the control of the foreign tribunal which is appealed to for assistance in the administration of justice. We cannot execute our own laws in a foreign country, nor can we prescribe conditions for the performance of a request which is based entirely upon the comity of nations, and which, if granted, is altogether *ex gratia.*"

In 13 Am. & Eng. Enc. Law (1st Ed.), p. 267, it is said:

"In letters rogatory there is always an offer, on the part of the court whence they issued, to render a mutual service to the court to which they may be directed, whenever required."

An examination of the authorities on that subject shows that letters rogatory are not customarily issued by our courts where testimony can be obtained by commission.   They are mainly resorted to for the purpose of obtaining witnesses in foreign jurisdictions which decline to compel the attendance of witnesses under commissions, or occasionally where it is shown that witnesses are unwilling.

We are of opinion that the commission of the department of labor and industry has no power to issue letters rogatory.   Therefore its award is set aside and the case remanded.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.