SHIEKICK v. VARKLE IRON & METAL CO.

1. WORKMEN'S COMPENSATION—POWERS OF DEPARTMENT OF LABOR AND INDUSTRY.

The department of labor and industry has those powers expressly conferred upon it by the workmen's compensation act and those necessarily implied therefrom (2 Comp. Laws 1929, § 8407 *et seq.*).

2. SAME—REVOCATION OF ACCEPTANCE OF ACT—IMPLIED POWERS.

The department of labor and industry had the implied power to revoke an acceptance of the workmen's compensation act by an employer upon latter's failure to provide an acceptable certificate of insurance to guarantee payment of compensation prior to amendment expressly conferring such power (2 Comp. Laws 1915, § 5428, as amended by Act No. 64, Pub. Acts 1919, and Act No. 113, Pub. Acts 1929 [2 Comp. Laws 1929, § 8412]).

3. SAME—REVOCATION OF ACCEPTANCE OF ACT—AGREEMENT AS TO COMPENSATION.

In proceeding to recover compensation under workmen's compensation act by way of petition for vacation of order revoking employer's acceptance of the workmen's compensation act, payments made under an unapproved agreement for compensation for accidental injury which had been suffered while employer's acceptance of the act stood revoked *held*, not binding upon employer and insurer (2 Comp. Laws 1929, § 8407 *et seq.*).

4. SAME—REVOCATION OF ACCEPTANCE.

Since the department of labor and industry has no authority to make an award of compensation for an injury occurring while acceptance of the workmen's compensation act stands revoked and prior to time second acceptance is filed and an approval of an agreement for workmen's compensation is the equivalent of an award by the department, it has no authority to approve an agreement for such injuries.

Appeal from Department of Labor and Industry. Submitted October 7, 1937. (Docket No. 55, Calendar No. 39,664.) Decided December 29, 1937. Rehearing denied February 25, 1938.

Joe Shiekick filed petition against Varkle Iron & Metal Company, employer, and General Accident Fire & Life Assurance Corporation, insurer, to have an order revoking employer's acceptance set aside and for an order approving an agreement for compensation. Award to defendants. Plaintiff appeals. Affirmed.

*Charles Bowles,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

Chandler, J.  The defendant, Varkle Iron & Metal Company, filed its acceptance of the provisions of the workmen's compensation act (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended [2 Comp. Laws 1929, § 8407 *et seq.*]) on February 29, 1928, which was approved by the department of labor and industry on the same date.  On January 23, 1929, the insurance carrier gave notice of termination of the insurance contract, termination to be effective February 23, 1929.  The department thereupon issued an order to show cause as to why the employer's acceptance of the act should not be revoked in the absence of the filing of a new certificate of insurance.  This was followed by an order on February 23, 1929, revoking the employer's acceptance.  In the interim, however, under date of February 19, 1929, a new insurance certificate was obtained naming the defendant, General Accident Fire & Life Assurance Corporation, Ltd., as the insurer, which, together with a new acceptance dated May 25, 1929, was received by the department on May 31, 1929, and approved August 29, 1929.

The plaintiff was injured on April 6, 1929, subsequent to the issuance of the new insurance certificate but prior to the approval of the employer's new acceptance.  A report of the accident was filed on May 15th and on May 25, 1929, an agreement for compensation was filed with the department, and although never approved, payments were made thereunder to the plaintiff until on or about July 14, 1929, at which time the insurer declined to continue the same.

On March 19, 1937, plaintiff filed a petition with the department praying that the order of February

23, 1929, revoking the employer's acceptance, be vacated, that an order be entered approving the agreement for compensation, and that a certificate of judgment issue.  The department denied the petition and it is from this order that plaintiff appeals.

It is plaintiff's contention that in view of the statutory provisions controlling at the time he was injured, the employer, once having filed an acceptance of the provisions of the act, remained subject to the provisions thereof unless and until he took the necessary steps to withdraw; that the acceptance could be terminated only in the manner provided therein; and that the order of the department revoking the acceptance was a nullity.

Plaintiff relies upon the provisions of part 1, § 5(2) of the act, as amended (2 Comp. Laws, 1929, § 8411) and part 1, § 6 thereof, as amended (2 Comp. Laws, 1929, § 8412), in support of his contention that the employer, once having elected to become subject to the provisions of the statute, remained thereunder until his voluntary withdrawal.

The department of labor and industry has those powers expressly conferred upon it by the statute and those necessarily implied therefrom.  *Carvalho* v. *Cass Putnam Hotel Co.*, 239 Mich. 508.  Certainly, an employer's acceptance of the act would not receive approval unless satisfactory provision was made for the payment of any compensation that might become due by reason of an accidental injury to an employee.  We are of the opinion that the department possessed the implied power to revoke the acceptance of the defendant employer upon its failure to provide an acceptable certificate of insurance to guarantee payment of any compensation to which an employee might become entitled under the provisions of the statute.  We are of the further opinion

that this implied power existed prior * to the amendment of 1929 (Act No. 113, Pub. Acts 1929 [2 Comp. Laws 1929, § 8412]) and that this amendatory act merely expressly conferred a power upon the department which had theretofore existed by implication. To arrive at the conclusion that the department had no power to revoke the employer's acceptance for the indicated reason, would permit the unreasonable and unjust result, that the employer could obtain the advantages and benefits of the statute, and at the same time fail to provide any security whatsoever for the payment of compensation to which the employees might become entitled.

Plaintiff, however, submits that the execution of the agreement for compensation with him and payments made thereunder constitute an acknowledgment by defendant of liability and that the agreement should have been approved. This point might have merit had the defendant been subject to the provisions of the act as was the employer in *Maki* v. *School District of Wakefield Township*, 235 Mich. 689. In the instant case, however, the employer's acceptance had been revoked by a valid and binding order of the department from which no appeal was ever taken. A new acceptance was not filed until subsequent to the time plaintiff was injured. Under these circumstances, the defendants cannot be held to be bound by the payments made under the unapproved agreement. See, *Bernard* v. *Michigan United Traction Co.*, 188 Mich. 504; *Nelson* v. *Ironwood & Bessemer Railway & Light Co.*, 204 Mich. 347. The department has no authority to make an award where the employee's injury is sustained prior to the date upon which the employer's acceptance of the act is filed. *Bendykson* v. *Lyons Evan-*

---

* See 2 Comp. Laws 1915, § 5428, as amended by Act No. 64, Pub. Acts 1919.—REPORTER.

*gelistic Committee,* 195 Mich. 490. And, as an approved agreement for compensation is the equivalent of an award, it follows that the department would have no authority to approve the agreement involved in the instant case inasmuch as the injury occurred prior to the time the employer's second acceptance of the act was filed.

The order of the department is affirmed, with costs to defendants.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.