Opinion filed December 10, 2020



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00409-CV

_____

## ROAD SYSTEMS, INC., Appellant

## V.

## LINDSAY CORPORATION, Appellee

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 53322**

## M E M O R A N D U M   O P I N I O N

This appeal arises from a discovery order issued by a Texas court to a Texas entity for litigation pending in another state—litigation to which the Texas entity is not a party. Here, the underlying out-of-state litigation is a wrongful death suit filed in Tennessee against Lindsay Corporation and others. The claims against Lindsay in the Tennessee litigation relate to Lindsay's X-LITE guardrail end terminal system, which allegedly caused the death of Wilbert Byrd when the vehicle in which Byrd

was a passenger left the roadway and collided head-on with the X-LITE. Lindsay obtained an order for the issuance of a commission from the trial court in Tennessee to obtain discovery, via a subpoena duces tecum, from Road Systems, Inc. (RSI) in Texas. RSI, which is located in Howard County, Texas, is not a party to the Tennessee lawsuit and is, in fact, a competitor of Lindsay. Lindsay asserted that RSI employees had "participated in a campaign" against Lindsay's X-LITE with a person who was a fact witness in the Tennessee lawsuit. After RSI was served with the subpoena duces tecum issued by the judge of the 118th District Court of Texas (the Texas court), RSI filed a motion to quash and sought a protective order from the Texas court. The Texas court granted in part RSI's motion and ordered that certain documents be produced by RSI and tendered to Lindsay. RSI filed a notice of appeal. We affirm.

## Issues Presented

RSI presents two issues for appellate review. First, RSI asserts that the Texas court abused its discretion because it issued the discovery order even though the Tennessee court had not ruled on the relevance of the discovery sought by Lindsay from RSI. Second, RSI asserts that the Texas court abused its discretion by ordering discovery from RSI because the documents sought from RSI were available from other, less burdensome sources.

## Analysis

In order to address RSI's first issue, we must first determine which court, the Tennessee court or the Texas court, was the appropriate court to make a determination as to the relevance of the discovery sought by Lindsay from RSI. The scope of discovery is generally a matter within the trial court's discretion. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). Under Texas rules, discovery is limited to matters that are relevant to the pending action. TEX. R.

2

CIV. P. 192.3(a); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 814 (Tex. 1995) (orig. proceeding). And discovery may not be used as a fishing expedition. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 489 (Tex. 2014) (orig. proceeding); *CSX*, 124 S.W.3d at 153; *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding); *Sanderson*, 898 S.W.2d at 815. Therefore, if this case had involved a Texas lawsuit, the trial court would have been required to make an effort to impose reasonable limits on discovery and to ensure that the discovery requests were reasonably tailored to include only relevant matters. *See CSX*, 124 S.W.3d at 152.

However, the discovery order at issue in this appeal does not stem from litigation that was filed in Texas. If a court of record in another state or foreign jurisdiction issues a mandate, writ, or commission that requires a witness's testimony in Texas, "either to written questions or by oral deposition, the witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending" in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 20.002 (West 2015); *accord* TEX. R. CIV. P. 201.2. When discovery is sought from a witness in Texas by a party to a lawsuit pending in another state, the Texas court receiving the request or commission from the out-of-state court may honor such request or commission but "is under no compulsion to respect it." *Ex parte Taylor*, 220 S.W. 74, 75 (Tex. 1920). A Texas court executing such an out-of-state discovery request has a duty to protect the witness's legal rights, such as not compelling the witness to turn over evidence that is privileged. *Id.* In doing so, however, Texas courts are not to pass on the requested discovery's relevance to the lawsuit pending in the other state. *In re Issuance of Subpoenas Depositions of Bennett*, 502 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Relevancy and materiality of the discovery sought are matters for the determination of the out-of-state court having jurisdiction over the underlying litigation. *Taylor*,

220 S.W. at 75; *see also Centennial Psychiatric Assocs. v. Cantrell*, No. 14-17-00391-CV, 2017 WL 6544283, at *6 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, no pet.) (mem. op.); *Bennett*, 502 S.W.3d at 377–78. As noted by the appellate court in *Bennett*, "requests for relief based on the scope of discovery are properly addressed to [the out-of-state] court." 502 S.W.3d at 376.

In the case before us, we are uncertain as to whether the Tennessee court considered the relevance of the requested discovery, and RSI and Lindsay do not agree on that issue. However, we do not believe that, under *Taylor* and *Bennett*, that was a proper matter of inquiry for the Texas court under the circumstances. If RSI seeks to have the Tennessee court rule on RSI's objections to the relevance of the requested discovery, RSI may do so. *See id.* The Tennessee court stated as much at a hearing related to Lindsay's request for discovery from RSI: "Now, if RSI wants to come in and battle it, we'll deal with it then." We cannot hold that the Texas court abused its discretion by ordering discovery pursuant to the Tennessee court's commission without determining whether the Tennessee court had ruled on the relevance of the discovery sought. We note that RSI did not seek a continuance or a stay in the Texas court to allow RSI to pursue a ruling on relevance in Tennessee. We overrule RSI's first issue.

In its second issue, RSI contends that the trial court abused its discretion when it ordered discovery from RSI, apparently failing to find that the discovery sought was available from other, less burdensome sources. Rule 192.4(a) of the Texas Rules of Civil Procedure provides that discovery methods should be limited by the court if it determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." To resist discovery, one "cannot simply make conclusory allegations that the requested discovery is unduly burdensome or

4

unnecessarily harassing." *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999). The person resisting discovery "must produce some evidence" to support his request for a protective order. *Id.*

The record reflects that the original subpoena duces tecum required RSI to produce a very broad range of documents but that the Texas court substantially pared the list down when it granted in part RSI's motion to quash. In its order, the Texas court required RSI to produce the following:

> 1. All documents and communications of John Durkos and David Reese that relate, in any way, to Lindsay, the X-LITE, X-Tension, or MAX-Tension products and were provided to any third party;

> 2. All communications between John Durkos, David Reese, or any other RSI employee and Stephen Eimers[1];

> 3. All communications between John Durkos or David Reese and the Tennessee Department of Transportation that relate, in any way, to Lindsay and/or L-LITE [sic];

> 4. All documents of John Durkos or David Reese that discuss, mention, or relate in any way to Lindsay and/or X-LITE, that were provided to the Tennessee Department of Transportation by Mr. Durkos, Mr. Reese, or any other RSI employee, and/or were provided to Mr. Durkos, Mr. Reese, or any other RSI employee by the Tennessee Department of Transportation.

> The documents to be produced are limited to documents or communications which have taken place since January 1, 2015.

The Texas court limited the production of documents that "might be responsive to Request for Production No. 1" to (1) documents or communications that pertain to any effort by RSI or its employees to influence or encourage a state's department of transportation "to take action contrary to FHWA's evaluation," (2) documents or

---

[1]We note that Stephen Eimers has also sued Lindsay in Tennessee; he alleges that his daughter was "fatally impaled" by an X-LITE in a vehicular accident.

5

communications that pertain to any effort by RSI or its employees to influence or encourage a state's department of transportation to take negative action against the X-LITE, (3) documents or communications with third parties that concern alleged defects or dangers of the X-LITE, and (4) documents or communications that pertain to "assisting Stephen Eimers in his alleged efforts to destroy" X-LITE. The Texas court further ordered that the documents "are to be protected from further disclosure and shall be limited solely to use in" the underlying Tennessee wrongful death lawsuit.

In its motion to quash the subpoena duces tecum and motion for a protective order, RSI focused on the lack of relevance of the requested discovery, the proprietary nature of some of the requested discovery, and the broad scope of the requests. At the hearing on its motion, RSI asked the Texas court to grant RSI's motion largely because Lindsay had not met its burden to show that the requested discovery was relevant to the Tennessee lawsuit. RSI also addressed the broad nature of the original subpoena duces tecum, the potentially confidential nature of some of the discovery sought from RSI by its competitor, and the fact that some of the requested discovery could be obtained from other sources. RSI suggested that "there's an easier course and less burdensome way for [Lindsay] to find out" the answers to its questions. Lindsay disputed that suggestion and asserted that it had sought documents from other sources, including Eimers and various state departments of transportation.[2]

---

[2]We note that Lindsay filed a similar request for discovery in Ohio, where Lindsay sought discovery from RSI employee John Durkos. There, Lindsay filed a subpoena duces tecum issued by the Tennessee court. Both the lower court and the appellate court in Ohio ruled that the discovery sought by Lindsay was not relevant to Byrd's suit against Lindsay in Tennessee and constituted a fishing expedition. We do not disagree with the Ohio courts' rulings; however, under *Taylor*, it is not appropriate for us to consider the issue of relevance. *See Taylor*, 220 S.W. at 75; *Bennett*, 502 S.W.3d at 376–78.

Based on the record in this case, we cannot hold that the Texas court abused its discretion when it ordered RSI to produce the items set forth above despite RSI's assertion that the discovery sought was available from other, less burdensome sources. That was a matter within the Texas court's discretion, and we will not disturb its ruling. Accordingly, we overrule RSI's second issue on appeal.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


December 10, 2020

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.