In re TOYOTA MOTOR CORPORATION and Toyota Motor Sales, U.S.A., Inc.

No. 10–06–00139–CV.

Court of Appeals of Texas, Waco.

May 31, 2006.

---

Kurt C. Kern, Hartline, Dacus, Barger, Dreyer & Kern, Scott Patrick Stolley, Thompson & Knight, Dallas, Wayne T. Rife, Attorney At Law, College Station, for Appellant/Relator.

John Hunter Craft, Mikal Watts, Watts Law Firm LLP, James D. Ebanks, Ebanks Smith & Carlson LLP, Houston, Mance Michael Park, Park & Durham, Huntsville, For Others.

Hal R. Ridley, Huntsville, pro se.

Before Chief Justice GRAY, Justice VANCE and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Relators Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. seek a writ of mandamus compelling Respondent, the Honorable William L. McAdams, Judge of the 12th District Court of Walker County, to: (1) allow Toyota to conduct oral depositions of two minors, a plaintiff in the underlying suit, M.B., and a former plaintiff, S.R.; (2) allow Toyota to review a psychiatrist's notes and cross-examine the psychiatrist about M.B.'s and S.R.'s memories of the collision that is the basis of the underlying suit; and (3) grant Toyota's motion for a continuance of the current trial setting. We will deny the petition.

## Background

The underlying suit concerns personal injuries sustained in a head-on collision between a Freightliner truck and a Toyota Echo. Three of the Echo's occupants were children, M.B., F.B., and S.R. M.B. and F.B. were riding in the back seat. S.R. was riding in the front seat. F.B. suffered severe, debilitating injuries as a result of the collision. The plaintiffs allege that due to design defects the Echo's spare-tire or other cargo in the rear of the car became dislodged upon impact and struck the rear seat, collapsing the seat and thrusting F.B. forward. Toyota's theory is that F.B. was not properly restrained in his seat belt and was sharing a seat belt with M.B.

Toyota sought to depose M.B. and S.R.[1] about the children's positions in the car and whether they were properly using their seat belts. At a hearing on Toyota's motion to compel these depositions, plaintiffs' counsel represented to Toyota's counsel that the children had no memory of any facts relating to the accident. Accordingly, Toyota agreed to first serve written interrogatories to confirm the extent of the children's memories. In response to the interrogatories however, M.B. generally described the children's positions in the car and the manner in which F.B. had

---

1. F.B.'s injuries were so severe that he has been rendered a quadriplegic. Toyota has agreed not to seek his deposition. Although S.R. was a named plaintiff in the original petition, he has been omitted from the plain-tiffs' most recent amended petition. Thus, plaintiffs have effectively non-suited their claims on behalf of S.R. *See Ford v. Perform-ance Aircraft Servs., Inc.,* 178 S.W.3d 330, 337 (Tex.App.-Fort Worth 2005, pet. denied).

been using his seat belt at the time of the collision.

Upon determining that M.B. possessed relevant information on these issues which had not been previously disclosed, Toyota noticed depositions for M.B. and S.R. M.B.'s father Wilfredo filed a motion to quash the deposition notices. At a May 22 hearing on the motion, Wilfredo presented the testimony of a psychiatrist, Dr. Sherrie Gaines, who testified that M.B. and S.R. suffer from post-traumatic stress disorder because of the collision and would be traumatized if they were required to undergo interrogation about the collision in an oral deposition.

Toyota objected to Gaines's testimony because she had not been identified as an expert in the plaintiffs' discovery responses. Respondent overruled this objection because Gaines would not be testifying at trial. On cross-examination, Gaines agreed that both children have memories of the collision. When Toyota asked Gaines to testify regarding what the children had told her about the collision, Respondent sustained the plaintiffs' objection that such information was protected from disclosure by the physician-patient privilege. Respondent also refused to permit Toyota's counsel to review Gaines's notes taken during her evaluations of the children.

Based on Gaines's testimony, Respondent quashed the deposition notices and ordered Toyota to pursue the discovery sought by depositions on written questions. Because trial is set for June 12, Respondent ordered Toyota to serve its deposition questions on M.B. and S.R. no later than Friday, May 26. Instead, Toyota filed this mandamus proceeding on May 26.

### Exclusion of Expert Testimony

■ Toyota contends that Respondent abused his discretion by permitting Gaines to testify even though she had not been disclosed as an expert witness in the plaintiffs' discovery responses. Rule of Civil Procedure 193.6 provides that an expert witness who is not timely identified during discovery will not be permitted to testify unless the court finds good cause for the proponent's failure to timely identify the expert or finds that the opposing party is not unfairly surprised or prejudiced by the expert's testimony. However, Rule 193.6 does not exclude an undisclosed expert's testimony from all hearings. Rather, it excludes an undisclosed expert's testimony from a hearing on the merits. *See, e.g., Barr v. AAA Tex., LLC,* 167 S.W.3d 32, 37 (Tex.App.-Waco 2005, no pet.) (trial); *Villegas v. Tex. Dep't of Transp.,* 120 S.W.3d 26, 35 (Tex.App.-San Antonio 2003, pet. denied) (summary judgment).

Conversely, Rule 193.6 does not operate to exclude an undisclosed expert's testimony from a preliminary hearing not on the merits. *See Monsanto Co. v. Davis,* 25 S.W.3d 773, 785 (Tex.App.-Waco 2000, pet. dism'd w.o.j.) (class certification hearing). Thus, we hold that Respondent did not abuse his discretion by refusing to exclude Gaines's testimony from the hearing on the motion to quash the deposition notices.

### Physician–Patient Privilege

■ Toyota also contends that Respondent abused his discretion by refusing to permit Toyota to review Gaines's notes or cross-examine Gaines regarding what the children had told her about the collision.

■ The physician-patient privilege is found in Rule of Evidence 509. Rule 509 provides in pertinent part:

(1) Confidential communications between a physician and a patient, relative to or in connection with any professional services rendered by a physician to the

patient are privileged and may not be disclosed.

(2) Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed.

TEX.R. EVID. 509(c). The privilege does not apply "to a communication or record relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense." *Id.* 509(e)(4).

> As a general rule, a mental condition will be a "part" of a claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself. In other words, information communicated to a doctor or psychotherapist may be relevant to the merits of an action, but in order to fall within the litigation exception to the privilege, the condition itself must be of legal consequence to a party's claim or defense.

*R.K. v. Ramirez,* 887 S.W.2d 836, 843 (Tex. 1994) (orig.proceeding) (footnote omitted); *In re Doe,* 22 S.W.3d 601, 609 (Tex.App.-Austin 2000, orig. proceeding).

■ A claim for mental anguish or emotional distress will not, standing alone, make a plaintiff's mental or emotional condition a part of the plaintiff's claim. *See Coates v. Whittington,* 758 S.W.2d 749, 751–52 (Tex.1988) (orig.proceeding); *In re Nance,* 143 S.W.3d 506, 511–12 (Tex.App.-Austin 2004, orig. proceeding). Thus, the allegation in M.B.'s petition that he suffered "emotional shock" is not a sufficient basis to make his mental or emotional condition an issue on which the jury will be required to make a factual determination. *Id.*

Therefore, because M.B.'s mental or emotional condition is not a part of his claim for relief, M.B.'s communications with Gaines are protected by the physician-patient privilege. *See* TEX.R. EVID. 509(c)(1); *Coates,* 758 S.W.2d at 751–52; *Nance,* 143 S.W.3d at 511–12. For the same reason, the notes Gaines made during her evaluation of M.B. are protected. *See* TEX.R. EVID. 509(c)(2); *Doe,* 22 S.W.3d at 609–10.

Because S.R. is no longer a party to the suit, his mental or emotional condition is necessarily not a part of any claim for relief. Thus, S.R.'s communications with Gaines are protected by the physician-patient privilege. *See* TEX.R. EVID. 509(c)(1); *Coates,* 758 S.W.2d at 751–52; *Nance,* 143 S.W.3d at 511–12. For the same reason, the notes Gaines made during her evaluation of S.R. are protected. *See* TEX.R. EVID. 509(c)(2); *Doe,* 22 S.W.3d at 609–10. Accordingly, Respondent did not abuse his discretion by refusing to permit Toyota to review Gaines's notes or cross-examine Gaines regarding what the children had told her about the collision.

### Oral Deposition

■ Toyota next contends that Respondent abused his discretion by quashing M.B.'s and S.R.'s deposition notices and ordering Toyota to pursue the discovery sought by depositions on written questions. Toyota contends that depositions on written questions will be inadequate because Toyota's counsel will not be permitted to be present when the depositions are given and because the procedure established by Respondent "is indistinguishable from written interrogatories."

Rule of Civil Procedure 192.6(b) provides in pertinent part:

> To protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights, the

court may make any order in the interest of justice and may—among other things—order that:

(1) the requested discovery not be sought in whole or in part;

(2) the extent or subject matter of discovery be limited;

(3) the discovery not be undertaken at the time or place specified;

(4) the discovery be undertaken only by such method or upon such terms and conditions or at the time and place directed by the court.

TEX.R. CIV. P. 192.6(b).

■ "A party resisting discovery, however, cannot simply make conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing. The party must produce some evidence supporting its request for a protective order." *In re Alford Chevrolet–Geo,* 997 S.W.2d 173, 181 (Tex.1999) (orig.proceeding); *In re Energas Co.,* 63 S.W.3d 50, 54 (Tex.App.-Amarillo 2001, orig. proceeding).

Here, the plaintiffs presented expert testimony from Dr. Gaines that M.B. and S.R. would be unduly traumatized by oral depositions. Toyota counters that the mere fact that Gaines questioned them about the collision indicates that they can be questioned on this topic without undue trauma. Toyota also suggests that reasonable restrictions could be imposed on an oral deposition to minimize the potential for trauma.

Respondent may well have concluded that questioning by a psychiatrist about a traumatic event may be significantly different than adversarial interrogation by an attorney seeking to discover relevant facts about that event.

■ A trial court may impose reasonable restrictions on discovery methods if the party opposing discovery presents evidence to justify such restrictions. *See* TEX.R. CIV. P. 192.6(b)(4); *Alford Chevrolet–Geo,* 997 S.W.2d at 181; *Energas Co.,* 63 S.W.3d at 54. It is within the discretion of a trial court to determine what restrictions on discovery are required. An appellate court will not interfere with the trial court's exercise of discretion in this regard unless the party opposing discovery failed to present evidence to support the ruling. *See, e.g., In re Grass,* 153 S.W.3d 659, 663 (Tex.App.-Tyler 2004, orig. proceeding).

Respondent ordered that Toyota's counsel not be present when the depositions on written questions are conducted. Toyota contends that it has a right to attend, but does not explain how it will be harmed by not being allowed to attend as the deposition officer reads the questions to M.B. and S.R. and records their answers. *See* TEX.R. CIV. P. 200.4. Toyota objects to being forced to rely on "canned interrogatory answers prepared by plaintiff's counsel." However, attorneys are not to answer written depositions for their clients. *See Schunior v. Russell,* 83 Tex. 83, 18 S.W. 484, 486 (Tex.1892). Thus, a deposition officer, not plaintiffs' counsel, will record M.B.'s and S.R.'s answers to Toyota's deposition questions. *See* TEX.R. CIV. P. 200.4.

Accordingly, we conclude that no abuse of discretion is shown by Respondent's order quashing the oral deposition notices and requiring depositions on written questions.

### Continuance

■ Toyota finally contends that Respondent abused his discretion by denying Toyota's motion for a 30–day continuance of the current trial setting.

■ Toyota concedes that mandamus relief is not generally available to review the denial of a continuance motion absent

"special circumstances." *See Gen. Motors Corp. v. Gayle,* 951 S.W.2d 469, 477 (Tex. 1997) (orig.proceeding); *In re H & R Block,* 159 S.W.3d 127, 132 (Tex.App.-Corpus Christi 2004, orig. proceeding). Thus, an appellate court may exercise its mandamus jurisdiction to review such a ruling if the relator presents some other error which is properly reviewable by mandamus. *Id.* Here however, we have concluded that no abuse of discretion has been shown in any of the other issues presented by Toyota.

▇▇ Mandamus relief is also available to review the denial of a mandatory continuance. *See, e.g., In re Ford Motor Co.,* 165 S.W.3d 315, 322 (Tex.2005) (orig.proceeding) (legislative continuance); *In re N. Am. Refractories Co.,* 71 S.W.3d 391, 393–94 (Tex.App.-Beaumont 2001, orig. proceeding) (mandatory continuance required by local rule).

Our research has disclosed two other situations in which mandamus relief has been granted for the denial of a continuance. Most recently, in *In re Oliver,* this Court granted mandamus relief where a party's sole expert withdrew from the case two weeks before trial. No. 10–05–00213–CV, 2005 WL 1531712, at *3 (Tex.App.-Waco June 29, 2005, orig. proceeding) (mem.op.) (per curiam). In *In re Posadas USA, Inc.,* the San Antonio Court granted mandamus relief for the denial of a continuance premised on the withdrawal of counsel five days before trial. 100 S.W.3d 254, 258 (Tex.App.-San Antonio 2001, orig. proceeding).

Here, Toyota's need for an additional expert witness did not arise on the eve of trial. Nor does Toyota contend that it has no other expert witnesses available to make a defense. In fact, Toyota states

that it has conducted extensive pretrial testing of an Echo and a Freightliner as part of its preparation to rebut the plaintiffs' claims. Toyota does not explain why any of the experts already retained cannot address the plaintiffs' latest theory of liability. For these reasons, the facts of Toyota's case do not show that remedy by appeal will be inadequate. *See H & R Block,* 159 S.W.3d at 132–33; *cf. Oliver,* 2005 WL 1531712, at *3.

Accordingly, Toyota is not entitled to mandamus relief with regard to Respondent's denial of Toyota's continuance motion.

### Conclusion

Respondent did not abuse his discretion by quashing Toyota's deposition notices and ordering Toyota to depose M.B. and S.R. by written questions. Respondent did not abuse his discretion by refusing to permit Toyota to review Gaines's notes or cross-examine Gaines regarding what the children had told her about the collision. Toyota has an adequate remedy by appeal to obtain review of Respondent's denial of the continuance motion. Accordingly, Toyota's petition is denied.

By order dated May 26, 2006, this Court stayed Respondent's order requiring Toyota to serve M.B. and S.R. with depositions on written questions on or before May 26. That stay order is lifted. Toyota must serve M.B. and S.R. with depositions on written questions on or before Friday, June 2, 2006.

Chief Justice GRAY dissenting.

TOM GRAY, Justice dissenting.[1]

Wrong on the facts. Wrong on the law. Wrong on the result.

---

1. Due to being out of the office and the need to issue this dissenting opinion when the majority insists upon issuing their opinion, the

Because of the timing of what the majority has done, I am unable to explain very much more than that. I was scheduled to be out of the office the latter part of last week and all of this week but have come in, in the middle of the night, to prepare something to stress the extent to which I disagree with what the majority has done. Having less than 24 hours to respond to their opinion, I find the task so overwhelming that to begin to address any of their errors, even the really big ones, would detract from the many other errors which I do not have time to address.

I will have to leave it to another court to take a closer look at the issues. But generally, anybody getting sued for $50,000,000 needs more than the final thirty days before trial to discover and work into their overall defense the plaintiffs' new theories, the substance of which was disclosed after the discovery deadline. The extent and result of the discovery Toyota has conducted to prepare for its defense in a very short period of time is truly remarkable. Toyota's prior discovery has caused the plaintiffs to change theories, again. Toyota tested the plaintiffs' earlier theories with full scale crash testing. The results negated the plaintiffs' earlier theories. So what does any resourceful plaintiff do? Change theories, of course. And changing theories is not the problem. Toyota should, however, at least be able to test the new theories with its

own experts in a manner that allows reasonable and rational trial preparation. Maybe the majority has forgotten, if they ever knew, what it is like going to trial with $50,000,000 on the line. This really becomes a problem when you are working inside thirty days to trial, you just received the latest trial theories, of liability or defense, and the trial court will not let you take live depositions of eyewitnesses and a party, both of whom appear to be going to testify live at trial, nor will the trial court give you more time to prepare to respond to the new theories.

There are so many really serious issues raised in this proceeding that deserve a more thorough examination and a more reasoned response that I cannot vote to deny the petition on the record before us. I would reject the majority's effort to slant this proceeding by their paper machete opinion which hides the issues, and I would request a response so that I could carefully consider the numerous issues presented by Toyota. Because the majority denies the mandamus without a full and proper treatment of the issues and refuses to request a response, I dissent.

final version of this dissenting opinion will

not bear a wet-ink signature.