Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## OPINION

No. 04-12-00051-CV

### IN RE Christina WHIPPLE

Original Mandamus Proceeding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  February 16, 2012

PETITION FOR WRIT OF MANDAMUS DENIED IN PART AND
CONDITIONALLY GRANTED IN PART

On January 24, 2012, relator Christina Whipple filed a petition for writ of mandamus, complaining the trial court abused its discretion by: (1) ordering the production of Whipple's mental health records; and (2) ordering the continuation of the deposition of Stephanie Ecke without limitation and without allowing Whipple to object based on privilege to communications that occurred prior to August 1, 2009. We deny in part and conditionally grant the petition for writ of mandamus in part.

---

[1] This proceeding arises out of Cause No. 2009-CI-17074, styled *Christina Whipple v. R.E.S.A, Inc. d/b/a Keller Williams Realty Heritage, and Keller Williams Realty, Inc.*, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable David A. Berchelmann presiding. The orders complained of were signed by the Honorable David A. Berchelmann and the Honorable Solomon J. Casseb, III, presiding judge of the 288th Judicial District Court, Bexar County, Texas.

## BACKGROUND

This proceeding arises out of a suit filed by Cristina Whipple against R.E.S.A., Inc. d/b/a Keller Williams Realty Heritage, and Keller Williams Realty, Inc. (collectively "Keller Williams"). Whipple alleges that in August of 2009, Keller Williams terminated Whipple's agency agreement and ordered her to move her real estate license, office, and staff from KW Heritage within one business day. The suit alleges claims of fraud, fraudulent inducement, negligent misrepresentation, tortious interference with business relations, breach of contract, and deceptive trade practices. In addition to economic damages, Whipple sought damages for mental anguish.

On May 18, 2010, Keller Williams subpoenaed all mental health records relating to treatment provided to Whipple by her therapist Stephanie Ecke. Whipple filed a motion to quash and sought a protective order. After a hearing on June 2, 2010, the trial court signed an order on August 24, 2010 denying the motion to quash and ordering the production of Whipple's mental health records. The trial court also issued a protective order that deemed the records confidential. On November 10, 2010, Keller Williams contends the records were produced to them.

Over one year later, on December 15, 2011, Keller Williams sought leave to take the deposition of Ecke, to which Whipple objected because the deposition would be held outside the discovery period. However, the trial court ordered that Ecke's deposition take place on January 4, 2012. At the deposition, Whipple contends Keller Williams' counsel attempted to ask questions relating to Ecke's counseling of Whipple prior to August 1, 2009; the time of her termination by Keller Williams.[2] Whipple asserts she objected that such communications are

---

[2] We note that although Whipple refers to the Ecke deposition, the deposition was not provided to this court.

privileged, but she did not object to questions regarding sessions that occurred after the incident at issue.

On January 5, 2012, Keller Williams filed a motion for sanctions against Whipple and her counsel based on the instruction given to Ecke to not disclose communications between Ecke and Whipple prior to August 1, 2009. In addition to requesting sanctions in the form of reimbursement for the costs of the deposition and attorneys' fees, Keller Williams sought to have Whipple's mental anguish claims stricken. Alternatively, Keller Williams sought to have the January 17, 2012 trial setting continued and sought an order setting a continuation of Ecke's deposition "without any objections from Plaintiff and/or her attorney that any questions regarding Plaintiff's counseling sessions violates the physician patient privilege or the mental health treatment privilege." In response, Whipple filed a motion asking the trial court to: (1) reconsider its order that required the disclosure of all of Whipple's mental health records; (2) enter an order redacting the mental health records that are not related to her termination; (3) enter a protective order; (4) strike the deposition of Ecke in its entirety; and (5) hold Keller Williams' counsel in contempt.

The trial court held a hearing on January 11, 2012 on the motions, and Judge David Berchelmann orally ordered that the deposition of Ecke be continued. However, no written order was signed at that time. Then, on January 19, 2012, Judge Solomon J. Casseb, III signed a written order requiring that Keller Williams be permitted to depose Ecke and ask questions regarding the records pertaining to Whipple, her counseling sessions with Whipple, and her communications with Whipple. The order further overruled Whipple's objections to the testimony of Ecke pursuant to Texas Rules of Evidence 509 and 510 for purposes of the deposition, and ordered that Whipple shall not instruct Ecke to not answer any questions from

Keller Williams regarding Ecke's records pertaining to Whipple, her counseling sessions with Whipple, and her communications with Whipple based on any privilege or Rules 509 and 510. This petition for writ of mandamus ensued.

## ANALYSIS

### I.     Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Generally, a relator has no adequate remedy by appeal in a discovery context when the appellate court would not be able to cure the trial court's discovery error. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (per curiam) (orig. proceeding). Therefore, mandamus is the appropriate remedy when the trial court has erroneously ordered the disclosure of privileged information because the trial court's error cannot be corrected on appeal. *In re E.I. DuPont de Nemours and Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding).

### II.     Mental Health Records

First, Whipple contends the trial court abused its discretion by ordering the production of Whipple's mental health records. However, the trial court signed the complained of order on August 24, 2010, and the records were produced to Keller Williams on November 10, 2010. Mandamus is an extraordinary remedy, and "its issuance is largely controlled by equitable principles." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). "One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Id.* (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (Tex. 1941) (orig. proceeding)). Whipple waited until January 6, 2012 to ask the trial court to reconsider its ruling

with regard to the mental health records that had been ordered to be produced on August 24, 2010, and did not file her petition for writ of mandamus with this court until January 24, 2012. Whipple has failed to explain her delay in seeking relief from the trial court's August 24, 2010 order. Therefore, we conclude Whipple is not entitled to mandamus relief with regard to the production of the mental health records.

### III.    Deposition of Mental Health Provider

Whipple further contends the trial court abused its discretion in compelling the continuation of the deposition of Ecke without limitation and without allowing her to object to questions based on privilege regarding communication between Whipple and Ecke prior to August 1, 2009. Pursuant to Texas Rule of Evidence 510, "[c]ommunication between a patient and a professional is confidential and shall not be disclosed in civil cases." TEX. R. EVID. 510(b)(1). However, the patient-litigant exception to the general rule that mental health information is confidential exists when a "communication or record relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense." *Id*. 510(d)(5).

Keller Williams contends the communications between Whipple and Ecke fall squarely within the patient-litigant exception because Whipple is seeking damages for mental anguish. Specifically, Keller Williams asserts that Whipple is seeking mental anguish damages in an amount between $100,000 and $250,000, which will require the jury to assess whether Whipple suffered mental anguish and determine what, if any, damages she is entitled to recover. Keller Williams further contends that in order to make such factual determinations, the jury will have to review the documents and information found in the records.

The patient-litigant exception applies when the records are "relevant to the condition at issue" and the "condition is relied upon as a part of the party's claim or defense, meaning that the condition itself is a fact that carries some legal significance." *R.K. v. Ramirez*, 887 S.W.2d 836, 843 (Tex. 1994) (orig. proceeding). The mental condition becomes "'part' of a claim or defense if the pleadings indicate that the jury must make a factual determination regarding the condition itself." *Id.* Whether a plaintiff's condition is a "part" of a claim is determined from the face of the pleadings, without reference to the evidence that is allegedly privileged. *Id.* at 843 n.7. "Communications and records should not be subject to discovery if the patient's condition is merely an evidentiary or intermediate issue of fact, rather than an 'ultimate' issue of a claim or defense, or if the condition is merely tangential to a claim rather than 'central' to it." *Id.* at 842.

Courts applying *R.K.* have consistently found that a claim for mental anguish will not, standing alone, make a plaintiff's mental or emotional condition a part of their claim. *See Coates v. Whittington*, 758 S.W.2d 749, 753 (Tex. 1988) (orig. proceeding); *In re Williams*, No. 10-08-000364-CV, 2009 WL 540961, at *5 (Tex. App.—Waco Mar. 4, 2009, orig. proceeding); *In re Pennington*, No. 02-08-00233-CV, 2008 WL 2780660, at *4 (Tex. App.—Fort Worth July 16, 2008, orig. proceeding) (mem. op.); *In re Toyota Motor Corp.*, 191 S.W.3d 498, 502 (Tex. App.—Waco 2006, orig. proceeding); *In re Nance*, 143 S.W.3d 506, 512 (Tex. App.—Austin 2004, orig. proceeding); *In re Chambers*, No. 03-02-000180-CV, 2002 WL 1378132, at *4 (Tex. App.—Austin June 27, 2002, orig. proceeding); *In re Doe*, 22 S.W.3d 601, 610 (Tex. App.—Austin 2000, orig. proceeding). A routine allegation of mental anguish does not place a party's mental condition in controversy. *Coates*, 758 S.W.2d at 753. "The plaintiff must assert a mental injury that exceeds the common emotional reaction to an injury or loss." *Id.* "The fact that a plaintiff has had past mental problems is distinct from the mental anguish associated with a

personal injury or loss; a tortfeasor takes a plaintiff as he finds her." *Pennington*, 2008 WL 2780660, at *4; *Nance*, 143 S.W.3d at 512; *Doe*, 22 S.W.3d at 606.

In the case at hand, a review of Whipple's pleadings indicates Whipple's mental health history is not a "part" of her claims. Whipple's claims appear to be a routine allegation of mental anguish. Whipple has not alleged "a mental injury that exceeds the common emotional reaction to an injury or loss" that would place her mental condition in issue so as to trigger the patient-litigant exception. *Coates*, 758 S.W.2d at 753. Therefore, we conclude the communication between Whipple and Ecke that occurred prior to August 1, 2009 is confidential and privileged under Rule 510(b)(1) and such communications do not fall under the patient-litigant exception to the rule. *See* TEX. R. EVID. 510(b)(1); 510(d)(5). As a result, we conclude it was improper for the trial court to order the continuation of the deposition of Ecke to the extent it allows questions about communications between Whipple and Ecke prior to August 1, 2009.

Finally, Keller Williams contends Whipple waived her right to raise the mental health privilege as to the deposition of Ecke by not raising the privilege at the hearing at which the deposition was first set. However, Keller Williams provides no case law to support this argument. Furthermore, we do not agree that Whipple was required to raise the privilege prior to the deposition being conducted because Whipple did not seek to avoid the deposition in its entirety, but instead she contends she waited to object to inquiries she considered privileged at the deposition. Therefore, we do not conclude Whipple waived her right to raise the mental health privilege with regard to the deposition.

### CONCLUSION

Accordingly, we conclude: (1) Whipple is not entitled to mandamus relief as to the production of the mental health records due to her delay in seeking relief from the trial court's

August 24, 2010 order; and (2) the trial court erred in ordering the continuation of the deposition of Ecke without limitation. Therefore, we conditionally grant the petition for writ of mandamus in part. The trial court is ordered to: (1) withdraw its January 19, 2012 order; and (2) enter a protective order in accordance with this opinion. The writ will issue only if the trial court fails to comply within fourteen days.

Sandee Bryan Marion, Justice