

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00045-CV

RUKMI INDAH IDNIARTI, RUBBY
VALENTINA ISSAKH, YOHANNES
RODITYA, MULYANI IRIANTI, DINA
NOVIA SARI, NOVIANTI DEBBY
PUTRI, DRRJ TRI SAPUTRA, AND SITI
SARAH

APPELLANTS

V.

BELL HELICOPTER TEXTRON, INC.
AND BELL HELICOPTER KOREA, INC.

APPELLEES

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In six issues, Appellants Rukmi Indah Idniarti, Rubby Valentina Issakh,

Yohannes Roditya, Mulyani Irianti, Dina Novia Sari, Novianti Debby Putri, Drrj Tri

---

[1]*See* Tex. R. App. P. 47.4.

Saputra, and Siti Sarah (collectively, Idniarti) appeal the trial court's no-evidence summary judgment for Appellees Bell Helicopter Textron, Inc. and Bell Helicopter Korea, Inc. (collectively, Bell). We affirm.

## II. Background

This wrongful death suit arose from a February 2001 helicopter crash. The helicopter in question was assembled by Industri Pesawat Terbang Nusantara (IPTN), an Indonesian company operating under a licensing agreement with Bell. The Indonesian Forestry Department (IFD) purchased the helicopter, but it was maintained by PT Dayajasa Transindo Pratama (Transindo) when it crashed, killing its pilot, co-pilot, and passenger.

Two years after the crash, Idniarti sued Bell for negligence, product liability, intentional and negligent misrepresentation, fraud, and gross negligence. After the suit was dismissed for forum non conveniens in January 2004 and dismissed twice for want of jurisdiction in Indonesia, Idniarti filed a motion to reactivate in January 2009, and the case was reinstated in Tarrant County on June 23, 2009. Although the trial court initially set a trial date for November 2010, it granted several extensions before it granted the final summary judgment at issue here in November 2011.

## III. Summary Judgment

In her third and fourth issues, Idniarti complains that the trial court erred by granting Bell's no-evidence motion for summary judgment because the affidavit of her expert, Arthur Childers, should not have been stricken and because the

trial court had refused to let her take depositions of Bell's key witnesses. In her remaining issues, she complains about the trial court's decisions to exclude her summary judgment evidence and deny her motion for a continuance.

Specifically, in her third issue, as well as in parts of her fifth and sixth issues, Idniarti contends that the trial court abused its discretion by striking or ignoring Arthur Childers's affidavit and her other evidence (affidavits from Mark Sparks and Jerry Wells, as well as deposition testimony by Minaro Munarand, Gary Morton, Enuh Nurhayat, Dr. Soerjanto Tjahjono, and Debby Putri). And in her fourth issue—also included in her first issue and the remainder of her fifth issue—Idniarti complains that in its August 16, 2010 order, the trial court refused to allow her to take depositions of key Bell witnesses.

When an appellee objects to evidence on several independent grounds and, on appeal, the appellant complains of the exclusion of evidence on only one of those grounds, the appellant waives any error by failing to challenge all possible grounds for the trial court's ruling that sustained the objection. *In re Blankenship*, 392 S.W.3d 249, 259 (Tex. App.—San Antonio 2012, no pet.); *Collin Cnty. v. Hixon Fam. P'ship,* 365 S.W.3d 860, 877 (Tex. App.—Dallas 2012, pet. denied); *Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (op. on reh'g); *Trahan v. Lone Star Title Co. of El Paso*, 247 S.W.3d 269, 284–85 (Tex. App.—El Paso 2007, pet. denied).

Because Idniarti does not address any of the grounds upon which the trial court could have sustained Bell's objections to Childers's first or second

3

affidavits, Sparks's affidavit, or Wells's affidavit,[2] she has forfeited these complaints on appeal. *See Blankenship*, 392 S.W.3d at 259; *Collin Cnty.*, 365 S.W.3d at 877; *Gulley*, 321 S.W.3d at 218; *Trahan*, 247 S.W.3d at 284–85. Likewise, although Idniarti complains that the trial court improperly struck her fact witnesses[3] and that she had good cause for failing to timely designate her witnesses, she does not argue that her failure to timely make, amend, or supplement her discovery responses did not unfairly surprise or unfairly prejudice Bell—the other ground presented in Bell's motion to exclude. Therefore, Idniarti has also forfeited this complaint. *See Blankenship*, 392 S.W.3d at 259; *Collin Cnty.*, 365 S.W.3d at 877; *Gulley*, 321 S.W.3d at 218; *Trahan*, 247 S.W.3d at 284–85; *see also* Tex. R. Civ. P. 193.6(a)(2). Accordingly, we overrule Idniarti's third issue and this portion of her fifth and sixth issues.

---

[2]On October 31, 2011, Bell filed objections to Sparks's affidavit and Childers's affidavit, which the trial court sustained on November 8, 2011. On January 17, 2012, Bell responded to Idniarti's motion for new trial and filed additional objections. The trial court sustained Bell's renewed objections to the first Childers affidavit and sustained Bell's objections 2, 3, 5, 6, 7, 8, 9, 10, and 12 to Childers's second affidavit while overruling Bell's objections 1, 4, and 11. It also sustained Bell's renewed objections to Sparks's affidavit and sustained Bell's objections 4, 5, and 6 to Wells's affidavit while overruling objections 1, 2, 3, and 7.

[3]Bell's motion to exclude did not seek to exclude any of the plaintiffs themselves, so Putri's deposition should have been considered by the trial court. However, Putri, one of the deceased co-pilot's children, testified primarily about the effect her father's death had on her and her family; as to liability, she testified only that her father had called her the night before the accident and told her that there was a problem with the helicopter but did not tell her what the problem was.

4

Furthermore, contrary to Idniarti's argument in her fourth issue—also included in her first issue and part of her fifth issue—that the trial court refused to allow her to take depositions of Bell's key witnesses at all, the record reflects that the actual August 16, 2010 order, signed after a hearing on July 6, 2010, only states, "Bell's Motion to Quash *the Four Deposition Notices Served on Bell on March 9, 2010* is hereby GRANTED." [Emphasis added.] The order also reflects that the trial court only took under advisement Bell's motion for sanctions and that it agreed to allow depositions to move forward in Indonesia.[4] The order does not specify upon which of Bell's grounds the trial court granted the motion to quash, and on appeal, Idniarti does not address any of the grounds Bell raised in its motion.[5] Because Idniarti does not challenge any of Bell's grounds or explain

---

[4]While the August 2010 order denied Idniarti's request for an extension of time and to reset scheduling order dates, in April 2011, the trial court reset the scheduling order deadlines.

[5]In the trial court, Bell complained that Idniarti had never responded to its March 4, 2010 objections to Idniarti's proposed deposition topics or conferred with Bell and that Idniarti had failed to comply with the court's March 5, 2010 deadline to respond to Bell's July 2007 requests for production. Bell also asserted that Idniarti's deposition notices were not properly served; that the deposition topics were improper under rule of civil procedure 199.2(b)(1) and (3); and that Idniarti sought depositions that had already been provided in 2003. Bell also made objections to each deposition notice individually, and it attached to its motion the trial court's order giving Idniarti until March 5, 2010 to produce her responses; correspondence between Idniarti and Bell in February and March 2010 regarding Idniarti's request for an agreed extension and Idniarti's potential deposition topics; Idniarti's four deposition notices; the September 1, 2009 letter agreement between the parties extending Idniarti's time to respond to Bell's requests for production until September 21, 2009; Idniarti's 2003 deposition notice for Gary Morton; and a July 10, 2003 letter from Mark Sparks—Idniarti's counsel in 2003.

how the trial court abused its discretion in light of those grounds and Bell's supporting evidence, we conclude that she has forfeited this complaint as well.[6] *See In re Toyota Motor Corp.*, 191 S.W.3d 498, 503 (Tex. App.—Waco 2006, orig. proceeding) (noting that the trial court has discretion to determine what restrictions on discovery are required and that the appellate court will not interfere with the exercise of this discretion "unless the party opposing discovery failed to present evidence to support the ruling"). Therefore, we overrule Idniarti's first and fourth issues, as well as part of her fifth issue.

Further, outside of her stated issues but within her argument on appeal, Idniarti challenges only two of the no-evidence grounds Bell raised in its no-evidence motion for summary judgment. When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). And when, as here, the trial court's judgment rests upon more than one independent ground, the aggrieved

---

[6]Further, the record is devoid of any effort made by Idniarti to renotice the Bell depositions with proper service or to cure any of the other potential bases upon which the trial court could have granted Bell's motion. And although Idniarti argues on appeal that "[i]n this case, the law is so clear that the Trial Court abused its discretion in refusing to allow the depositions of Bell's key witnesses that a mandamus could have issued," there is no indication that Idniarti ever filed a petition for writ of mandamus to seek such relief at any point in this case's lengthy procedural history.

party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Davis v. Conveyor-Matic Inc.*, 139 S.W.3d 423, 428 (Tex. App.—Fort Worth 2004, no pet.); *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).

In its motion, Bell complained that Idniarti had produced no evidence

- of the cause of the subject accident or that a defect existed in the subject helicopter, thus defeating Idniarti's strict product liability theories (unsafe design, manufacturing defect, inadequate warning);

- that any express warranty was made by Bell to Idniarti or breached by Bell, or that an implied warranty existed between Idniarti and Bell;

- of a misrepresentation made by Bell sufficient to bring a claim for negligent misrepresentation, intentional misrepresentation, fraud, or fraud by concealment; or

- that a duty was owed to Idniarti by Bell and that Bell breached any duty to them under a general negligence or strict product liability theory.

The trial court granted the no-evidence summary judgment "in all respects."

While Idniarti argues that negligence per se and "fleet liability" support the duty element of her negligence claim[7] against Bell and that res ipsa loquitur is the

---

[7]We note that the trial court denied Idniarti's request to amend her original petition to add a claim based on her "fleet liability" theory and that she has not appealed the denial of that request. She also never amended her petition or sought to amend her petition to include a claim for negligence per se. *Cf. Callahan v. Vitesse Aviation Servs., LLC*, No. 05-11-00914-CV, 2013 WL 1287188, at *11 (Tex. App.—Dallas Mar. 29, 2013, no pet. h.) (stating that negligence per se is a common law tort concept in which a duty is based on a standard of conduct created by a statute).

basis for causation for her design and manufacturing defect claims,[8] she does not complain about each independent ground upon which summary judgment could have been granted. *See Davis*, 139 S.W.3d at 428; *Scott*, 890 S.W.2d at 948. Therefore, we overrule these unnumbered arguments.[9]

---

[8]Specifically, Idniarti asserts that a design defect occurred based on "gear box engine failure" and that Bell had a safer alternative design; that a manufacturing defect occurred based on IPTN's failure to comply with Bell and FAA standards; and that res ipsa loquitur is the basis for causation for either defect claim because the helicopter crashed within 112 hours of its initial sale. However, with regard to causation, even if the trial court had not struck Dr. Tjahjono's deposition, Dr. Tjahjono testified that there was not enough evidence to render a decision on the accident's cause or to rule anything out—from engine failure or design defect to pilot error or running out of fuel. And the record also reflects that ten years after the crash, Idniarti still had virtually no records pertaining to the helicopter or the accident; none of the helicopter's metal components except parts of two rotor blades; no helicopter log books; no helicopter assembly records from IPTN; no helicopter purchase records; no records from the Indonesian National Transportation Safety Committee; no weather reports; and no testimony from either the helicopter's owner-operator or the decedents' employer. *Compare BIC Pen Corp. v. Carter*, 346 S.W.3d 533, 540–41 (Tex. 2011) (stating that a manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous and the deviation is the producing cause of the injury), *and Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009) (stating that the elements of a product liability claim for a design defect are that a product was defectively designed so as to render it unreasonably dangerous, a safer alternative design existed, and the defect was the producing cause of the plaintiff's injury), *with Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990) (stating that res ipsa loquitur—a rule of evidence by which negligence may be inferred by the jury—applies only when the accident's character is such that it would not ordinarily occur in the absence of negligence *and* the instrumentality causing the injury is shown to have been under the defendant's management and control).

[9]Idniarti also appears to raise an unnumbered issue regarding spoliation; however, she does not appeal the trial court's implicit denial of her motion for leave to file a spoliation motion and, other than a few allegations in some of her

Finally, in her second issue and the remainder of her fifth and sixth issues, Idniarti argues that the trial court erred by refusing to grant her a "reasonably short continuance" of the November 2, 2011 summary judgment hearing and the November 7, 2011 trial setting. However, a litigant who fails to diligently use the rules of civil procedure for discovery purposes is not entitled to a continuance, *see State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988); *see also Massey v. Allen Nat'l Prop., L.L.C.*, No. 02-11-00503-CV, 2013 WL 173737, at *2 (Tex. App.—Fort Worth Jan. 17, 2013, no pet.) (mem. op.), and whether a nonmovant has had adequate time for discovery under rule 166a(i) is case specific and reviewed for an abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.).

Here, the record reflects that Idniarti had already received multiple continuances throughout this case by the time she supplemented her September 2011 motion for continuance on October 17, 2011.[10] It also reflects that the case

motions, she made no spoliation argument in the trial court. *See* Tex. R. App. P. 33.1.

[10]That is, on March 5, 2010, Idniarti received sixty days to supplement her responses to Bell's requests for production and requests for disclosure; on December 9, 2010, the trial court reset the trial date from November 8, 2010, to June 20, 2011; on April 25, 2011, the trial court reset the trial date again to November 7, 2011, and reset Idniarti's deadline to designate testifying experts to August 9, 2011, and the discovery deadline to October 7, 2011; and at the end of September 2011, the trial court reset the summary judgment hearing from October 4, 2011, to November 2, 2011.

had been reinstated over two years before, in June 2009; that Bell's no-evidence summary judgment motion had been on file since September 23, 2010; that although on July 6, 2010, Idniarti had received permission from the trial court to hold depositions in Indonesia, the depositions did not occur until the end of September 2011 and beginning of October 2011; and that the summary judgment hearing had already been reset once to accommodate the Indonesian depositions. Based on this record, and despite the apparent hardships of conducting discovery in Indonesia, we cannot say that the trial court abused its discretion by denying Idniarti's request for a continuance, and we overrule Idniarti's second issue and the remainder of her fifth and sixth issues. *Cf. McInnis v. Mallia*, 261 S.W.3d 197, 205 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (op. on reh'g) (concluding that the trial court abused its discretion by allowing a no-evidence motion for summary judgment more than five months before the expiration of the discovery period set forth in the docket control order).

## IV. Conclusion

Having overruled all of Idniarti's issues, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, C.J; MCCOY and GABRIEL, JJ.

DELIVERED: May 9, 2013

10