**Reversed and Remanded and Opinion filed August 30, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00004-CV

## IN THE MATTER OF THE ISSUANCE OF SUBPOENAS FOR THE DEPOSITIONS OF DARRELL D. BENNETT, CODY CLARK, CHRISTOPHER LOWE, AND JOEY HOLLOWAY

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2015-58899**

## O P I N I O N

A Wyoming trial court issued letters rogatory asking a Texas court to issue subpoenas for the depositions of four Texas residents. The parties seeking to depose these witnesses filed a petition asking the trial court below to issue subpoenas. Though the trial court did so, the court later quashed one subpoena and, at the request of the other three witnesses, imposed various restrictions on the other three depositions. The parties seeking to depose the witnesses appeal the trial court's final judgment.

On appeal, we consider whether the Texas court abused its discretion in

quashing the deposition of one Texan and in limiting the depositions of three other Texans. We conclude that the trial court with jurisdiction over the underlying lawsuit in Wyoming has the authority to determine whether the requested depositions are irrelevant, so requests for relief based on the scope of discovery are properly addressed to that court. Presuming for the sake of argument that the Texas court had the authority to quash or limit the depositions because they were cumulative or duplicative under Texas Rule of Civil Procedure 192.4, or constituted an undue burden under Texas Rule of Civil Procedure 192.6, we conclude the movants did not make the requisite showing. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellants Moncrief Partners, L.P., RWM 1988 Trust, Tom O. Moncrief 1967 Trust, CBMoncrief Oil & Gas, LLC, and Moncrief Oil & Gas Master, LLC (hereinafter collectively the "Moncrief Parties") were non-operating parties under an operating agreement for the Lost Cabin Gas Plant in Lost Cabin, Wyoming. That plant experienced a flash fire that injured appellees Darrell D. Bennett, Cody Clark, Christopher Lowe, and Joey Holloway, who were working at the plant for AltairStrickland. After the fire, Bennett, Clark, Lowe, and Holloway brought personal-injury lawsuits against ConocoPhillips Company, the operator under the operating agreement for the plant. ConocoPhillips settled these lawsuits. The total settlement amount for the four lawsuits exceeded $38 million. After settling the lawsuits, ConocoPhillips sought reimbursement from the Moncrief Parties for the Moncrief Parties' proportional share of the settlement costs.

The Moncrief Parties filed suit against ConocoPhillips in Wyoming, where the plant is located, alleging that ConocoPhillips breached the parties' operating agreement by settling the cases without the Moncrief Parties' approval and by

2

failing to timely inform the Moncrief Parties of the lawsuits. The Wyoming trial court granted summary judgment in favor of the Moncrief Parties on the issues of duty and breach, but found genuine issues of material fact on the questions of the materiality of the breach and damages.

At the Moncrief Parties' request, the Wyoming trial court issued letters rogatory requesting that a Texas court issue subpoenas compelling the depositions of Bennett, Clark, Lowe, and Holloway (the "Compensated Claimants"), all of whom reside in Texas. The Moncrief Parties filed a petition in the trial court below seeking subpoenas for these depositions. The Moncrief Parties supplied the Wyoming trial court's extensive summary-judgment order. After the trial court issued subpoenas compelling the depositions, the Compensated Claimants moved for protection, asserting in their motions that the trial court should quash the subpoenas because the requested depositions are (1) irrelevant, (2) cumulative, and (3) unduly burdensome, unnecessarily expensive, harassing, annoying, or an invasion of personal, constitutional, or property rights. Holloway asserted that requiring him to appear for a deposition violated his settlement agreement.

The trial court quashed the subpoena for Holloway's deposition and imposed one-hour time limits, among other restrictions, on the depositions of Clark, Lowe, and Bennett. After the Moncrief Parties filed a motion for reconsideration, the trial court allowed additional time, but ultimately restricted the three depositions by prohibiting videotape recording, (2) limiting each deposition to three hours, and (3) limiting the scope of each deposition to: (i) "the facts surrounding the incident at the Lost Cabin Gas Plant on August 22, 2012," (ii) "the individual's injuries sustained at the time of that incident," and (iii) "the medical condition, physical or mental, at the time of each respondent's settlement of his claims against ConocoPhillips Company arising from that incident." The trial court did not grant

3

reconsideration of its decision to quash Holloway's deposition.

## ISSUE AND ANALYSIS

On appeal from the trial court's final judgment, the Moncrief Parties assert in one issue that the trial court abused its discretion in granting Holloway's motion for protection and quashing Holloway's subpoena and in granting in part the other Compensated Claimants' motions for protection by restricting their depositions.

### A. Applicable legal standards

A trial judge may exercise discretion in the granting of a protective order and in controlling the nature and form of discovery, but that discretion is not without bounds. *In re Collins*, 286 S.W.3d 911, 918 (Tex. 2009). A party seeking a protective order must show particular, specific, and demonstrable injury by facts sufficient to justify a protective order. *Id.* A trial court abuses its discretion by limiting discovery in the absence of some evidence supporting the request for a protective order. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999).

Texas Rule of Civil Procedure 201.2, entitled "Depositions in Texas for Use in Proceedings in Foreign Jurisdictions," provides:

> If a court of record of any other state or foreign jurisdiction issues a mandate, writ, or commission that requires a witness's oral or written testimony in this State, the witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending in this State.

Tex. R. Civ. P. 201.2. Texas rules of civil procedure apply to a request originating from another state for a Texas deposition. *See* Tex. R. Civ. P. 201.2; *In re Prince*, 14-06-00895-CV, 2006 WL 3589484, at *2 (Tex. App.—Houston [14th Dist.] Dec. 12, 2006, orig. proceeding) (mem. op.). Few opinions have interpreted Rule 201.2, but nearly a century ago the Supreme Court of Texas addressed the roles of foreign and Texas courts in making determinations concerning discovery in Texas for use

4

in foreign jurisdictions.

In *Ex parte Taylor*, the high court concluded that the court with jurisdiction over the underlying case is generally charged with determining the relevancy and materiality of evidence sought by a party seeking a deposition in Texas under letters rogatory, while the Texas court has the obligation to protect the witness's legal rights, including, for example, the witness's right to avoid compelled production of privileged evidence. *See Ex parte Taylor*, 220 S.W. 74, 75 (Tex. 1920). This overarching principle promotes comity toward other states' courts while vesting Texas trial courts with authority to protect Texas residents subjected to depositions for lawsuits pending in other states. *See id.*

**B. Authority to control scope of discovery**

In their motions for protection, the Compensated Claimants all urged the trial court to quash their depositions, claiming the discovery is irrelevant to the Wyoming litigation. The Moncrief Parties assert that the trial court abused its discretion to the extent it granted the motions to quash based on relevancy grounds because such a determination interferes with the authority of the Wyoming court to determine the relevance of discovery sought in the Wyoming lawsuit.

Texas Rule of Civil Procedure 192.3, entitled "Scope of Discovery," provides that "[i]n general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3(a). Although a trial court normally has broad discretion to determine the relevancy of evidence sought, in this case, the Wyoming court is the appropriate court to determine the relevancy and materiality of the evidence sought and to grant the Compensated Claimants any relief that may be warranted with respect to depositions that they assert exceed

5

the scope of permissible discovery.  *See Ex parte Taylor*, 220 S.W. at 75.

The trial court did not have the authority to quash or limit the depositions of the Compensated Claimants based on a belief that the discovery is irrelevant.  To get relief on that basis, the Compensated Claimants must seek relief from the Wyoming trial court.  To the extent the Texas trial court granted the Compensated Claimants' motions for protection, in whole or in part, based on a relevancy determination, the trial court abused its discretion.  *See* Tex. R. Civ. P. 192.4; *Ex parte Taylor*, 220 S.W. at 75.

### C. Burden of proof under Rule 192.4(a)

The Compensated Claimants asserted in their motion for protection that the requested depositions are cumulative or duplicative of other evidence the Moncrief Parties already have in hand.  The Moncrief Parties argued that the depositions would not be cumulative or duplicative because Bennett, Clark, and Lowe had never been deposed and, although Holloway had been deposed, the Moncrief Parties still needed to examine him to determine whether his answers to questions about his medical condition had changed.  The Moncrief Parties asserted this discovery was necessary for them to argue they suffered damages as a result of ConcoPhillps settling the lawsuit prematurely.  Holloway argued both that his medical condition had not changed and that any change in his answers is irrelevant to the Wyoming lawsuit.

Texas Rule of Civil Procedure 192.4, entitled "Limitations on Scope of Discovery," provides:

> The discovery methods permitted by these rules should be limited by the court if it determines, on motion or on its own initiative and on reasonable notice, that:
>
> (a) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less

6

burdensome, or less expensive; or

(b) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Tex. R. Civ. P. 192.4. While Rule 192.3 outlines the scope of discovery a trial court may authorize, Rule 192.4 limits that scope if the discovery is unreasonably cumulative, duplicative, obtainable from another source that is more convenient, less burdensome, less expensive, or if the burden or expense of the discovery outweighs the benefit and importance of the discovery to the litigation. *See* Tex. R. Civ. P. 192.4.

In its response to the motion for protection, the Moncrief Parties stated they needed to depose Bennett, Lowe, and Clark regarding their (1) employment history, (2) turnaround work before the accident, (3) work with respect to the particular valve that was removed and refurbished, (4) the events leading up to the accident, (5) what happened at the time of the accident, (6) their recovery, and (7) their current condition. The record contains some evidence related to these topics, but Bennet, Lowe, and Clark did not prove the requested depositions would be duplicative. Though Holloway's deposition touched upon some of these areas, the record contains no information about some of the topics. For example, there is nothing in the record about the safety protocols Bennett, Lowe, and Clark were to be following or whether these Compensated Claimants received any training in addition to the training Holloway described. Bennett, Lowe, and Clark did not meet their Rule 192.4 burden to prove the depositions would be impermissibly cumulative or duplicative. *See* Tex. R. Civ. P. 192.4(a); *In re Liberty Mut. Ins. Co.*, 14-09-00086-CV, 2009 WL 441897, at *5 (Tex. App.—Houston [14th Dist.] Feb. 24, 2009, orig. proceeding) (holding evidence from multiple parties regarding

communications was not impermissibly cumulative) (mem. op.).

Holloway asserted that his deposition would be cumulative of his pre-settlement deposition. The Moncrief Parties identified seven topics allegedly not addressed in Holloway's first deposition: 1) Holloway's past medical history or conditions, 2) Holloway's work history, 3) Holloway's income history, 4) Holloway's job training in general and by his employer AltairStrickland, 5) Holloway's work history with AltairStrickland, 6) Holloway's knowledge of AltairStrickland's safety program, and 7) AltairStrickland's history and reputation as a safe company. Holloway showed that the areas the Moncrief Parties wanted to question overlapped with testimony he provided in the pre-settlement deposition. In response to the Moncrief Parties' argument that they needed the second deposition to determine whether Holloway's answers to medical-history questions had changed, Holloway insisted that any change would be irrelevant to the Wyoming lawsuit.[1]

Holloway's argument turns on whether the questions the Moncrief Parties seek to ask Holloway are relevant to the Wyoming lawsuit. But, the Texas court may not, as part of its responsibility to balance the parties' interests, substitute its own determination of what is relevant to the Wyoming litigation. *See Ex parte Taylor*, 220 S.W. at 75. The Wyoming court has held that ConocoPhillips breached the operating agreement by failing to provide the Moncrief Parties with notice of Holloway's lawsuit and thereby deprived the Moncrief Parties of the opportunity to protect their interests in that lawsuit. But, the Wyoming court also determined that there is a fact question on whether ConocoPhillips's breach of the

---

[1] Holloway did not prove his medical condition had not changed, but even if his medical condition were the same as at the time he gave his original deposition, the Wyoming court potentially could determine that any change or lack of change is relevant to the Wyoming litigation.

operating agreement was material in light of, *inter alia*, whether the settlements of those lawsuits were objectively reasonable and whether ConocoPhillips's actions in settling those lawsuits comported with the standards of good faith and fair dealing.

Holloway urges that the Texas trial court's ruling is based more on the harassing effect of a duplicative deposition than on relevancy and that the Moncrief Parties were aware of Holloway's lawsuit before his deposition, yet they chose not to attend. But, the trial court was not free to disregard the Wyoming trial court's determination of issues relevant in the Wyoming lawsuit in conducting the Rule 192.4 analysis. According to the Wyoming court's order, the Wyoming trial will turn, at least in part, on ConocoPhillips's conduct in reaching a settlement with Holloway. Holloway does not and could not contend that such questions would duplicate the questions in the underlying personal-injury action.

Accordingly, Holloway did not meet his burden to prove that the deposition for the Wyoming case would be unreasonably cumulative or duplicative of the deposition conducted in the Texas case. *See id.*; *In re Liberty Mut. Ins. Co.*, 2009 WL 441897, at *5. To the extent the trial court granted the Compensated Claimants' motions for protection, in whole or in part, based on a determination that the Compensated Claimants' depositions would be cumulative or duplicative, the trial court abused its discretion. *See* Tex. R. Civ. P. 192.4(a); *Ex parte Taylor*, 220 S.W. at 75; *In re Liberty Mut. Ins. Co.*, 2009 WL 441897, at *5.

### D. Burden of proof under Rule 192.6(b)

The Compensated Claimants all asserted in their motions for protection that the requested depositions would impose an undue burden and cause unnecessary expense as well as harassment, annoyance, or invasion of personal, constitutional, or property rights. *See* Tex. R. Civ. P. 192.6(b). We presume for the sake of

9

argument that the trial court has the power to quash a deposition under Rule 192.6(b) in the letters-rogatory context. Entitled "Protective Orders," Rule 192.6(b) permits a trial court to "make any order in the interest of justice," including limiting the depositions in the manner the trial court limited them, "[t]o protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." Tex. R. Civ. P. 192.6(b). Yet, a party resisting discovery cannot prevail simply by making conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing. *See Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987). The party must produce some evidence supporting the request for a protective order. *See id.* Although "[m]any deponents consider any deposition harassing and burdensome and perhaps annoying, . . . unless the purpose of the deposition can be shown to be only for an improper purpose, or unless it is an undue burden, the trial court cannot limit the deposition on these bases." *In re Amaya*, 34 S.W.3d 354, 358 (Tex. App.—Waco 2001, orig. proceeding).

### 1. *Holloway's motion for protection*

In Holloway's motion for protection, Holloway stated that the deposition request "is unreasonable and poses undue burden and/or expense on [Holloway and] is harassing, annoying, and an invasion of [Holloway's] personal life." Holloway asserted that his deposition also was cumulative of a previous deposition.

The record contains evidence that Holloway experienced post-traumatic stress disorder, stress, and anxiety as a result of the flash fire. But, the record does not contain any affidavit from Holloway or other evidence that explains how Holloway's condition would cause him to suffer during a deposition. Without this crucial evidence, Holloway did not meet his burden to produce some evidence to

support his request for a protective order. *See Garcia*, 734 S.W.2d at 345; *In re Toyota Motor Corp.*, 191 S.W.3d 498, 503 (Tex. App.—Waco 2006, orig. proceeding [mand. denied]); *Campos v. Webb Cnty., Tex.*, 288 F.R.D. 134, 135–38 (S.D. Tex. 2012). The Supreme Court of Texas has made it clear that supporting evidence is essential. Because Holloway did not provide any evidence showing that being deposed would cause him to suffer undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional or property rights, the trial court abused its discretion to the extent the trial court granted Holloway's motion for protection based on Rule 192.6(b). *See Garcia*, 734 S.W.2d at 345; *In re Toyota Motor Corp.*, 191 S.W.3d at 503.

## 2. *Bennett's, Clark's, and Lowe's motion for protection*

In their motion, Bennett, Clark, and Lowe did not provide any specific argument explaining why the requested depositions amounted to unreasonable requests that are annoying, harassing, or an undue burden. The record shows that Bennett, Clark, and Lowe were involved in the Lost Cabin Gas Plant incident, and this evidence supports the argument their attorney made in the trial court that Bennett, Clark, and Lowe would be forced to relive the incident if they were deposed. Still, the record does not contain any evidence showing how being forced to relive the incident would harm Bennett, Clark, and Lowe. Nor does the record contain any evidence addressing why the depositions would cause them harm. Accordingly, Bennett, Clark, and Lowe did not meet their burden to prove the depositions are unduly burdensome or would result in unnecessary expense, harassment, annoyance, or invasion of personal, constitutional or property rights. *See In Re Alford Chevrolet-Geo*, 997 S.W.2d 173, 184 (Tex. 1999). Because Bennett, Clark, and Lowe did not meet their burden of establishing the depositions would cause undue burden, unnecessary expense, harassment, annoyance, or

11

invasion of personal, constitutional or property rights, the trial court abused its discretion to the extent it restricted their depositions based on Rule 192.6(b). *See id.*

### E. Alleged Interference with settlement terms

In addition to arguments relating to relevance, and the cumulative nature of his deposition, Holloway asserted in his supplemental brief in support of his motion for protective order that the deposition would interfere with the terms of the settlement he entered into with ConocoPhillips. At the hearing in the trial court below, Holloway argued that part of the settlement was an agreement that Holloway not be deposed again. Holloway did not provide any evidence of a settlement term that gave him the right to refuse deposition requests, but even if ConocoPhillips had agreed not to depose Holloway again, that would hardly immunize Holloway from future depositions from parties other than ConocoPhillips. Holloway does not provide any evidence that the alleged settlement term is binding on the Moncrief Parties. To the extent the trial court granted Holloway's motion for protection based on his argument that the deposition violated a settlement agreement, the trial court abused its discretion. *See Garcia*, 734 S.W.2d at 345; *In re Toyota Motor Corp.*, 191 S.W.3d at 503.

### CONCLUSION

The trial court did not have the authority to grant the motions for protection based on the Compensated Claimants' arguments that the depositions are irrelevant because the power to grant relief on that basis is vested in the Wyoming court that issued the letters rogatory. The Compensated Claimants did not meet their burden of proving entitlement to protection under either Rule 192.4(a) or Rule 192.6, nor did Holloway prove he was entitled to protection based on his settlement agreement. Because the Compensated Claimants did not prove entitlement to

12

protection, the trial court abused its discretion in protecting them and in quashing the subpoena for Holloway's deposition. We sustain the Moncrief Parties' issue. We therefore reverse the trial court's final judgment and remand the case to the trial court for further proceedings consistent with this opinion.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown.